[No. 15675. Department One. March 18, 1920.]

IDA CLARK (NOW IDA DOOLEY), *Respondent*, v.
WILLIAM G. CLARK, *Appellant*.[1]

DIVORCE (104) — CUSTODY OF CHILD — MODIFICATION OF ORDER. Where both parties to a divorce were fit to have the custody of a son, which was awarded to the father apparently on account of the mother's ill health and inability to provide a home, the mother's remarriage and acquisition of a suitable home is such a change in the situation as to warrant a modification in the decree giving her its custody.

Appeal from an order of the superior court for King county, Smith, J., entered September 26, 1919, modifying a decree of divorce as to the custody of a child, after a hearing before the court. · Affirmed.

*Walter G. Kienstra*, for appellant.

*Revelle & Revelle* (*Lucas C. Kells*, of counsel), for respondent.

PARKER, J.—This controversy is over the custody of the ten-year-old son of the parties to this proceeding; William G. Clark having appealed to this court from an order of the superior court for King county, modifying, in so far as the custody of the son is concerned, the decree of divorce dissolving the bonds of. matrimony existing between them.

The decree of divorce was rendered by the superior court for King county on March 23, 1914, in favor of the respondent, Mrs. Clark, upon the ground of cruelty

[1]Reported in 188 Pac. 456.

on the part of appellant. The trial court made no findings in awarding the decree of divorce indicating that either party was unfit morally to have the care and custody of their son, the court simply awarding the custody to appellant as follows:

"That defendant be awarded the custody of the minor child, to wit: Wayne Durward Clark, and that plaintiff, Ida Clark, be permitted to have said child in her possession at her home or other place in the city of Seattle, Washington, forty-eight hours at a time each week, and that defendant deliver said minor child to plaintiff at her home. That plaintiff be permitted to see said minor child at all reasonable hours. That defendant at no time take said minor child out of the corporate limits of the city of Seattle, Washington."

The court seems to have been prompted to so dispose of the question of the custody of the son at that time, because of respondent's then inability, she being in very poor health, to care for him, and appellant's ability to care for him by having him live with his grand-parents who were appellant's parents. Thereafter the decree was modified, somewhat extending respondent's privileges as to the custody of the son. Thereafter, in September, 1919, respondent having married a Mr. Dooley and established a permanent home, evidently suitable for the proper care and rearing of the son, both as to his material and moral welfare, respondent moved the court for a further modification of the decree of divorce so as to award to her generally the care and custody of the son. A hearing upon this motion, evidence being introduced in behalf of both parties, touching their respective rights and the welfare of the son, resulted in an order being entered on September 26, 1919, modifying the decree as follows: "That the plaintiff have the custody, care and control of Wayne Durward Clark until further order of this court, subject, however, to the following:"

This is followed by somewhat liberal privileges reserved in appellant relative to his visiting and being visited by the son. This is the order here appealed from.

The only argument here made in appellant's behalf is that there has not arisen any such new condition since the awarding of the decree of divorce and the subsequent orders slightly modifying that decree, as to now warrant the further modification thereof by the order here appealed from. A careful review of the entire record quite convinces us that we would not be warranted in disturbing the order of modification, so made by the trial court. We note that the decree of divorce, the previous orders modifying the same, and the order from which this appeal is taken, were all rendered and made by the same trial judge; that there has never been made any finding, and we assume therefore any showing, reflecting upon the character of respondent such as to in the least impair her moral qualifications to properly care for and rear her son; that the decree of divorce and subsequent orders reserved in respondent some considerable privileges in the custody of her son, so that the control of appellant was by no means absolute; that it is highly probable that, had she been physically able to care for her son at the time of the divorce, she would then have been awarded his custody, subject to such privileges as this order gives appellant; and that she is now physically able and so situated that she can properly care for and rear her son. These considerations lead us to conclude that the disposition of the matter by the trial judge should not be disturbed by us.

The order appealed from is affirmed.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.