[No. 15857. Department Two. August 9, 1920.]

HERMAN SORGE, JR., *Appellant*, v. IDA SORGE, *Respondent*.[1]

DIVORCE (104)—CUSTODY OF CHILD—MODIFICATION OF DECREE. The evidence supports a finding that the welfare of a young child will be promoted by modifying a decree of divorce so as to award its custody to the mother though she may have been guilty of past delinquencies, where it appears that she was conducting herself properly at the time and had married again and her husband was able and willing to provide for the maintenance of the child.

SAME. Where the mother was given custody of a minor daughter upon modifying a decree of divorce, and asked for no allowance from the father for its support, but testified that her present husband was amply able to provide for the child, the father should be relieved of monthly payments of ten dollars for its support.

[1]Reported in 191 Pac. 817.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 28, 1919, in favor of the defendant, modifying a decree of divorce respecting the custody of a child, after a hearing before the court. Modified.

*Albert D. Martin,* for appellant.
*Longfellow & Fitzpatrick,* for respondent.

HOLCOMB, C. J.—In October, 1918, plaintiff, Herman Sorge, brought an action for divorce from his then wife, defendant, Ida Sorge (now Ida Brand), and asked that he be awarded the care and custody of their minor child, Pearl May Sorge. Plaintiff, in his complaint, charged the defendant with cruelty and improper conduct. The answer was a general denial of the allegations of the complaint and affirmatively charged plaintiff with drunkenness, cruelty and adultery. Defendant also prayed for the custody of the child. Issues were joined upon the pleadings, after which the parties entered into a stipulation whereby, for a consideration of $250, defendant released certain property rights and did not appear in person at the trial of the cause. Upon hearing the evidence of plaintiff, the court made findings, and on November 22, 1918, entered a decree in favor of plaintiff, awarding him a divorce, with the custody of the minor child, then a little over three years of age. In July, 1919, defendant filed a petition for a modification of the decree which she alleged to have been procured by fraud, stating that she was frightened into not appearing to contest the divorce case; that it was not her intention or desire to waive custody of the minor child; that she was a fit and proper person to have the care and custody of the child, and that plaintiff was not; that the child's environments while in the custody of its father

were not conducive to its proper bringing up; and that defendant had since her divorce been happily married to another man and was in a position to provide a good home for the child; whereupon plaintiff was cited to appear and show cause why the custody of the child should not be awarded to its mother. Plaintiff denied practically all the allegations of this petition, and upon these issues another trial was had. Upon this hearing, the court modified the original decree to the extent of awarding the child to the care of its mother, with the right of plaintiff to visit it at reasonable times. From this modification of the decree, plaintiff has appealed.

The evidence, as presented by the record, is flatly contradictory throughout. Respondent's testimony, which was supported by her witnesses, was to the effect that she was a fit and proper person to have the custody of the child; that her present husband is a man of good reputation, and able and willing to assist her in raising and caring for the child in a suitable manner. Her testimony and that of her witnesses assailed the character of the child's father in serious respects. The evidence adduced by appellant was of like character to that of respondent, to wit, that he was a fit and proper person to have the custody of the child; that he has a good home with his parents, who are willing to assist in the proper care of the child. At the same time, the character of respondent was affirmatively attacked and her unfitness for the custody of the child sought to be shown.

Appellant claims that the trial court erred in taking the minor child from his custody and awarding it to respondent and her present husband; and contends that the court, having awarded the child to appellant in the divorce case, must be presumed to have done so upon sufficient evidence and because the charges made

in the complaint were sustained. Appellant also suggests that it is significant of the truth of these charges that respondent married her present husband just as soon as permitted by law after the divorce from appellant. Appellant concedes the desirability of award-ing young children to the mother, other considerations being the same, but contends that, when the woman shows no affection for the child when she has it, and neglects it for the society of men other than her husband, then her wishes should give way to the welfare and wishes of the child and its father; and it is contended that respondent should be required to wait at least long enough to prove her second marriage successful before having the decree modified, and that the welfare of the child was not taken into consideration.

Even if there were sufficient evidence to sustain the charges made in the original complaint, which we may assume for the sake of argument, there would still be no reason why changes for the better could not occur in the condition, habits or character of a parent who might formerly have been delinquent. Such parent might well, during the course of time, become in every way fit to have the custody of a child.

It is unquestionably true that the welfare of the child should be the foremost consideration, and that, in making the award of custody, the court must exercise a judicial discretion. It can hardly be seriously urged that the trial court departed from these rules of guidance in making its decree. The court, no doubt, realized that the welfare of the minor daughter and the moral conduct of respondent at the time of the petition for modification of the decree of divorce were determining factors, when he decided that respondent should have the custody of her minor daughter, and that past delinquencies, if any there were, should not

bar her from having the child. Even if the conduct of a wife be immoral (but not grossly so)—and certainly that has not been shown to be true of respondent—her guilt may be overlooked if the child be of tender years; or it may be shown that the guilty party has repented, or that a recurrence of the improper conduct is not likely. Here the trial court found that there was no testimony to show that respondent was not conducting herself properly at the time of her petition for modification of the divorce decree, and that there were only insinuations to show that she had ever done anything very improper; that she may have been somewhat reckless in her manner, but that no criminal acts were shown. The court also said:

"From what I have said, it is unnecessary for me to say more than I have, except that I do not think he [appellant] is fit to have the care and custody of the child. The question is: Is she [respondent] a fit and proper person to have the care and custody of this child, and has she a proper place to take it. The evidence not only shows by a fair preponderance—not only shows beyond a reasonable doubt, but beyond all doubt, that for several months past she has lived an exemplary life, and the evidence also shows by the same fair preponderance that she has a good place to take it."

As to the charge that respondent showed no affection for the child when she had it and neglected it for the society of men other than her husband, she denies that, and it is simply another part of the testimony as to which there is conflict.

Regarding the suggestion that respondent should be required to wait at least long enough to prove her second marriage successful before the decree is modified, we may say that such a situation at least suggests morality, and does not show unfitness to have the cus-

tody of her child. At any rate, the child is still within the jurisdiction of the court for future change of control, if the circumstances surrounding it so require.

Respondent's testimony being to the effect that her present husband is amply able to provide for the maintenance of the child, we can see no reason for requiring appellant, for the present, to pay the sum of ten dollars a month toward its support. Respondent asked no such relief in her petition for modification of the decree. To the extent of relieving appellant, for the present, of further payments toward the support of the child, the decree is modified.

It should be arranged by the trial court, under its decree, that appellant may visit the child, or take it, or have it taken, to his home at reasonable times, in order to avoid friction with respondent and her husband.

In all other respects the decree is affirmed. Neither party will recover costs.

BRIDGES, FULLERTON, MOUNT, and TOLMAN, JJ., concur.