[No. 15891. Department One. September 15, 1920.]

JULIA M. DELLE, *Respondent,* v. LEE C. DELLE, *Appellant.*[1]

DIVORCE (104)—DECREE—CUSTODY OF CHILDREN—MODIFICATION. Upon granting a divorce and awarding the custody of a child, there is a continuing jurisdiction in the court to modify the decree notwithstanding it provided that the husband's custody of the child should immediately terminate in case of his remarriage; since such provision is not controlling where the welfare of the child is an issue.

DIVORCE (100)—CUSTODY OF CHILDREN. Upon an issue as to the custody of children of a divorced couple, the welfare of the children is controlling and the rights of the husband and wife are equal.

SAME (104)—CUSTODY OF CHILDREN—DECREE—MODIFICATION—EVIDENCE—SUFFICIENCY. The custody of children of a divorced couple will not be changed to a new environment where their welfare would not be advanced, because of a past and undesirable relationship between the father and a young woman acting as his housekeeper, where they had subsequently married, nor because of some disagreement as to the visits of the mother to her children; but her right to visit the children will be provided for and enforced.

Appeal from an order of the superior court for Pierce county, Fletcher, J., entered March 9, 1920, in favor of the plaintiff, modifying a divorce decree re-

[1]Reported in 192 Pac. 966; 193 Pac. 569.

specting the custody of children, after a hearing before the court. Reversed.

*Charles O. Bates* and *Stephen J. Chadwick* (*Henry J. Snively*, of counsel), for appellant.

*Hayden, Langhorne & Metzger*, for respondent.

MAIN, J.—This is an appeal from the order of the superior court modifying a previous divorce decree in so far as it relates to the custody of the two children. The appellant and respondent were married during the year 1909. On October 28, 1914, they were divorced. At this time there were two children, a girl approximately four years of age, and a boy something more than a year younger. The custody of the children was awarded to the father, the appellant, with certain provisions in the decree whereby the mother should have the right to see and visit them and have the children visit her. During the month of September, 1919, a petition was filed in the original cause by the respondent, the mother, asking that the original decree be modified and that she be given the custody of the children. The cause, in due time, came on for hearing, and resulted in an order changing the custody of the children from the father to the mother. From this order, the appeal is prosecuted by the father. Shortly after the parties were married, a Miss Dyhrman came to live with them and to make her home there as one of the family. This relation continued up to the time of the trial of the present action. After the divorce was granted, Miss Dyhrman remained in the home, was employed as a housekeeper by the appellant and took care of the children. Shortly after the appeal was taken in this case, she and the appellant were married.

The respondent moved to dismiss the appeal because there had been a cessation of the controversy, and because the appellant, by his marriage to Miss Dhyrman, had waived his right to appeal. This motion is based on a provision in the original decree which provided that, in the event the defendant in that action, the appellant here, should remarry at any time subsequent to the entering of that decree, the custody and control of the children, and each of them, should "be thereby instantly terminated; and the plaintiff shall from thenceforth be entitled to their sole care, custody and con-trol." If property rights were involved it may be that the provision of the decree would be held controlling. The question here is the custody of the children. The parties could not, by contract, and the court could not, in an original decree, make a provision relating to the custody of the children which would be controlling upon a subsequent hearing where their custody was involved. So long as there are minor children whose maintenance and welfare are provided for in the original decree, there is a continuing jurisdiction in the court to modify that decree, having regard to their welfare. *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634, 19 C. J. 347. In addition to this, if it should be held that the appellant, for the present, was bound by the provisions of the original decree and the custody of the children was transferred, under the repeated holdings of this court, the jurisdiction of the court being a continuing one, he would have a right to petition that the custody be again awarded to him. The question was fully tried upon the hearing from which this appeal is prosecuted, and the welfare of the children demand that the controversy be settled without unnecessarily prolonging the litigation.

The motion to dismiss the appeal will be denied.

Upon the merits, the primary question is the welfare of the children. This rule is recognized by both sides. Under the statute, Rem. Code, § 5932, the rights and responsibilities of parents to the custody and control of children, in the absence of misconduct, are equal. Any argument based upon an assumption that the father's rights are superior to those of the mother is repudiated. It will be conceded that, under the record in this case, the respondent, the mother, at this time is physically, and probably financially, able to take care of the children with the alimony allowance provided for in the original decree, in the event that the custody should go to her. It will also be conceded, and there is no word of evidence to the contrary, that the mother is a suitable person to have their custody. The children now are approximately nine and ten years of age. They have remained with the appellant since the original decree of divorce, a period of approximately five years.

Without reviewing the facts in detail, it may be said generally that these facts are conclusively established. The appellant has, where he resides in Yakima, a good, substantial home, with ample grounds surrounding it, in a good neighborhood. The children have at all times been well fed, well clothed and well housed. They are being properly brought up and attending a good school. Miss Dhyrman, now Mrs. Delle, has at all times been kind to them and the children seem to like her. In short, the children seem to have everything that is desirable for their welfare and proper bringing up, except the affectionate care and attention of the mother. Where the parents are divorced the children must go to one or the other. They must suffer the loss either of the father's directing influence or the mother's gentle care and affection; they cannot have

both. If the order of the superior court is sustained and the custody of the children transferred to the mother, they will be moved to another town, where the mother is practicing as a professional nurse. At this time the mother has no home to which to take them, but hopes to rent a house and establish a home, where an aunt of hers, a widowed lady, will manage the house and have direction of the children in her absence. It may be that, if this were the original question and the court was dealing with the question of awarding the custody of the children to one parent or the other now for the first time, considering the tender age of the children, it would be deemed best for their welfare that the custody be given to the mother. It will be recognized that the changing of the custody of the children and moving them from one environment to another, in the absence of good cause therefor, is not desirable. The record fails to show clearly the reason which prompted the trial court to order the change of custody. It may be that the trial judge thought that the children had arrived at that age where they should not be brought up in a home where the appellant was employing a young woman as a housekeeper with no other adult person residing in the house. The record shows that this method of living had given rise to some criticism. The respondent concedes, however, that the proof fails to establish any improper relations between the appellant and the housekeeper. This objection, by the marriage of the appellant and Miss Dhyrman, has been removed.

The respondent claims that the welfare of the children would be promoted by the change, first, because the general reputation of the appellant and the housekeeper is bad, and that their method of living is prejudicial to the best interests and the welfare of the chil-

dren.  It is not necessary here to determine what dis-
position this court would have made had the relations
continued as they were at the time the order was
entered.  The marriage has removed the objection that
their method of living was prejudicial to the interests
of the children.  Under the evidence in the case, it can-
not be held that the general reputation of the appel-
lant and the housekeeper was bad.  It is true there
was some testimony to this effect, but the overwhelm-
ing testimony is to the contrary effect.  The evidence
was largely given by deposition, and this court, for
that reason, is in substantially as good position to
weigh the testimony as was the trial court.

The respondent also claims that the children are
deprived of friendly association among other children.
The evidence, beyond controversy, establishes that
there is no foundation for this charge; the children
play with the other children of the neighborhood and
there is no discrimination against them.  It is further
claimed that the children are being incited against the
mother and that their love for their mother is being
gradually and surely stilled.  There is some slight
evidence in the record from which it might be inferred
that the appellant and Miss Dyhrman were not as
diligent in keeping alive in the minds of the children
their love and respect for their mother as they should
have been.  If either of the parents should try to teach
the children disrespect for the other, this course, if
persisted in, might furnish a sufficient reason for
changing their custody.  Let it be said that if, in the
future, the appellant and his present wife attempt,
either directly or indirectly, to abate the love of the
children for their mother, and the cause should come
here for review upon that question, this conduct will

be regarded as a serious detriment to the welfare of the children.

Viewing the whole record, after having given it the most careful consideration, we cannot but reach the conclusion that the welfare of the children will be best served by leaving them with the appellant, their father. There should, however, be made adequate provision for the children to visit their mother, and her to visit them. The respondent complains that the provision of the original decree upon these matters had not in the past been complied with. It is true that the appellant seemed to assume that he was the autocrat and that the mother, even when the children were visiting her, had no right to do such a thing as having their pictures taken without consulting him. This happened upon one occasion when the children were visiting their mother in Tacoma, and gave rise to a letter from the appellant to the respondent in which it is assumed, and in so many words stated, that she, the mother, "had no right to do what you did without first consulting me, and finding out if it was agreeable." The attitude of the appellant towards his divorced wife we unequivocally condemn. Notwithstanding this shortcoming, as already stated, the question here is the welfare of the children. While the custody of the children is to remain with the appellant, the father, there should be more adequate provision by which they can visit the mother and the mother visit them, without any suggestion of espionage on the part of the appellant or his present wife. The superior court will be directed to embody in the decree a provision covering the right of the mother to visit the children, and also provide that, during the vacations between school terms, she shall have the right to have the children visit her and remain with her for such length of time as she desires

and can give them proper care and attention. It will be the duty of the appellant, upon the request of the respondent, to take or cause the children to be taken to her place of residence and deliver them to her at such times.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter an order as herein indicated.

HOLCOMB, C. J., MITCHELL, TOLMAN, and MACKINTOSH, JJ., concur.

## ON REHEARING.

[Department Two. November 29, 1920.]

PER CURIAM.—The petition for rehearing in this case concludes with the request that, in the event of its denial, the opinion, with respect to that portion thereof covering the mother's rights to have the children visit her, be amplified. The particular language to which attention is directed is "vacations between school terms." This language may have been used somewhat improvidently, and if it is not plain, it is sufficient to say that the court intended by its use that the mother should have the children during any substantial period when they were not in school, whether such period be technically between school terms or not.

We are also requested to settle the terms more definitely upon which the mother may visit the children, but in this regard we think the direction given is sufficient.

In all other respects the petition is denied.