[No. 16361. Department Two. November 19, 1921.]

MAZIE EARLING, *Respondent,* v. GOGSTAD EARLING, *Appellant.*[1]

DIVORCE (104) — CUSTODY OF CHILD — MODIFICATION OF DECREE — EVIDENCE—FITNESS OF PARENT. On an application for a modification of a divorce decree awarding the custody of a minor child, evidence on the subject of the competency of the mother, as custodian, relating to a period preceding the decree of divorce, is inadmissible.

SAME (104) — CUSTODY OF CHILD — MODIFICATION OF DECREE — CHANGED CONDITIONS—DISCRETION OF COURT. An order awarding the custody of a minor child to each of divorced parents for alternate periods of six months, subsequently changed on the child's becoming of school age by awarding the entire custody to the mother, should be modified, where each parent is fit and able to care for the child, to permit the father to have the custody during any substantial period when he is not in school, not exceeding six months in any one year.

Appeal from a judgment of the superior court for King county, Jurey, J., entered December 8, 1920, modifying a decree of divorce respecting the custody of a child, after a hearing before the court. Modified.

[1] Reported in 201 Pac. 908.

*Frank Oleson* and *Frank A. Steele,* for appellant.
*Hadley & Hadley,* for respondent.

Hovey, J.—This is an appeal from a supplemental decree modifying a decree of divorce heretofore rendered in an action between the parties by changing the periods of custody of the minor child of the parties.

The original decree was rendered on April 25, 1919, and awarded the child to the parties during alternate periods of six months each. The child has now become six years of age and is about to be sent to school. The parties both have their homes in the city of Seattle, but live a very considerable distance apart. A petition was filed by the respondent, alleging the fact that the child was now ready to enter school, and that he required a permanent home where he could attend school without interruption. It further alleged that, since the entry of the decree, the appellant had remarried and that his business required him to be in Alaska during a portion of the year, when he would have no permanent home in Seattle.

The evidence showed that both parties are fit, proper and able to care for this child, and the allegations of the petition, so far as we have recited same, are not disputed.

The supplemental decree awarded the entire custody to the mother, but provided that the father could have the child during the week-end of one week of each month, and such other times as might be found proper, but provided the child should not be removed from the jurisdiction of the court.

The appellant assigns three errors, the third being the action of the court in sustaining objections to evidence offered as to the competency of the respondent as custodian of the child relating to a period of time

preceding the original decree of divorce. In this ruling the court did not err.

The first and second assignments of error question the sufficiency of the facts stated in the petition and the evidence in support thereof to give the court jurisdiction in the proceeding.

In our opinion, the petition alleged a change in circumstances, namely, the attainment of school age by the child, which justified the court's considering a modification, and upon the showing made, we believe the trial judge did not abuse his discretion in awarding the entire custody of the child to the mother; but we think the father should have the custody of the child during such period of time as the child is not in school, and that the order as made should be modified to permit the father to have the custody of the child during any substantial period when he is not in school, not exceeding six months in any one year, and the decree appealed from will be modified accordingly and will stand affirmed in all other respects.

Neither party will recover costs on this appeal.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.