[No. 18990. Department Two. April 2, 1925.]

MARIE MAGILL, *Respondent,* v. ROBERT MAGILL,
*Appellant.*[1]

DIVORCE (104) — DECREE — CUSTODY OF CHILD — MODIFICATION.
Where, in an interlocutory decree of divorce, the court expressly re-
tains jurisdiction over a minor child, an order modifying the decree
as to the custody, in the interests of and promoting the welfare
of the child, cannot be objected to on the ground that there was
no material change in the conditions and fitness of the parties.

Appeal from an order of the superior court for
Franklin county, Truax, J., entered July 19, 1924, in
favor of the plaintiff, modifying a divorce decree re-
specting custody and support of a child, after a hear-
ing before the court. Affirmed.

*Johnson & Swanner,* for appellant.

*Edward A. Davis,* for respondent.

HOLCOMB, J.—On March 4, 1924, an interlocutory de-
cree of divorce was entered by the lower court con-
taining, among other things, a provision that the infant
daughter, Joyce MaGill, the only child of the parties,
be given into the custody of respondent until April 1,
1924, and at that time into the custody of appellant for
the next six months ensuing, and thereafter alternating
between the parties every six months' period until the
further order of the court. There was a provision also
that appellant should pay respondent towards the sup-
port of the child, who was three years of age, the sum
of ten dollars per month. There was a further provi-
sion retaining jurisdiction of the action for the purpose
of making any suitable orders for the future support,
care, custody and control of the minor child.

Prior to the expiration of the six months' period
when the interlocutory decree would become absolute

[1]Reported in 234 Pac. 273.

and final, on June 17, 1924, respondent filed a petition for a supplementary order to modify the interlocutory decree so as to extend the permanent custody and control of the child to respondent, subject to the right of appellant to visit the child at all reasonable hours and places, and that appellant be required to pay for the support and maintenance of the child the sum of twenty dollars per month. This petition was supported by the affidavit of respondent.

Upon the filing of this petition, an order was issued and a citation thereon directed to appellant to appear and show cause, on a day stated, why the decree should not be modified in accordance with the petition.

The matter came on to be heard in the court below on July 1, 1924, at which time appellant appeared in person and by his attorneys, and first moved that the petition be dismissed and the citation quashed, for the reason that the court did not have jurisdiction to hear and determine the matters alleged in the petition and that the petition failed to show a material change in the condition and fitness of the parties, or the requirements for the welfare of the child.

This motion was denied and the trial court proceeded to the hearing on the petition. The hearing resulted in the trial court making an order that the interlocutory decree theretofore entered be modified so that the care, custody and control of the minor child be awarded to the mother (respondent) until the further order of the court, the father to be permitted to visit the child at all proper times and places; and that until August 15, 1924, appellant to pay ten dollars per month towards the care and support of the child, and thereafter fifteen dollars per month.

Appealing from the order modifying the interlocutory decree, appellant contends that, in order to modify the former order respecting the custody of the child

and the maintenance money, there must be a substantial change in the condition of the parties; citing *White v. McDowell,* 74 Wash. 44, 132 Pac. 734; *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605; and *Earling v. Earling,* 117 Wash. 584, 201 Pac. 908.

It is true that in *Earling v. Earling, supra,* it was said, without citing any authority, that the trial court did not err in sustaining objections to evidence offered as to the competency of the respondent as custodian of the child relating to a period of time preceding the original decree of divorce.

But we have often said, as in the two cases in 74 Wash., cited by appellant, that the welfare of the child is the principal matter to be considered, or, where the welfare of the child would be promoted thereby, the court has power to hear and modify a decree with reference to the minor child.

In the instant case, the trial court had expressly retained jurisdiction over the custody and control of the minor child. The interlocutory decree had not become absolute and final, in any event, under the statute. We have said, even in cases where jurisdiction had not been expressly retained, that the custody and control of a minor child of parties to a divorce action is always within the control of the court.

*Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721; *Holter v. Holter,* 108 Wash. 519, 185 Pac. 598; *Clark v. Clark,* 110 Wash. 293, 188 Pac. 456; *Wilkerson v. McGinn,* 110 Wash. 454, 188 Pac. 472; *Sampson v. Sampson,* 112 Wash. 1, 191 Pac. 840; *Sorge v. Sorge,* 112 Wash. 131, 191 Pac. 817; *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569; *Ericson v. Ericson,* 114 Wash. 485, 194 Pac. 234.

In *Delle v. Delle, supra,* we said:

"The question here is the custody of the children. The parties could not, by contract, and the court could

not, in an original decree, make a provision relating to the custody of the children which would be controlling upon a subsequent hearing where their custody was involved. So long as there are minor children whose maintenance and welfare are provided for in the original decree, there is a continuing jurisdiction in the court to modify that decree, having regard to their welfare. *Dyer v. Dyer*, 65 Wash. 535. . . ."

Having carefully read all of the evidence in this case, we are thoroughly convinced that the trial court was amply justified in determining that the welfare of the child, Joyce MaGill, demanded that the decree be modified as it was.

The order appealed from is right and it is affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.