[No. 35010. Department One. April 14, 1960.]

JACK A. McCRAY, *Appellant*, v. BARBARA E. McCRAY, *Respondent*.[1]

[1]Reported in 350 P. (2d) 1006.

74

*Betty Taylor Howard,* for appellant.

*Hodge, Mann & Peterson,* for respondent.

MALLERY, J.—The parties hereto were divorced in March, 1957. The decree of divorce gave custody of their daughter to the father. She was born November 5, 1953. The mother, on June 13, 1958, petitioned for a modification of the decree and was awarded custody of the child. The father appeals.

The petitioner had the burden of showing changes of conditions occurring after the entry of the original decree which resulted in the welfare of the child being best served by a modification of it.

The original decree of divorce gave custody of the daughter, who is now a school child, to the father upon the ground that the mother was not a fit person to have her custody due to alcoholism and emotional instability.

After the divorce, the daughter lived with her father's parents in Elbe, Washington, until their home was destroyed by fire. They and the father then took an apartment in Seattle until early in 1958, when they moved to California, where the father is now working and attending college. The removal to California was not in violation of any court order.

Regarding the father's custody of the child, the court in the modification proceeding made the finding:

Finding of fact No. 4: "That ever since the entry of the Decree of Divorce, the minor daughter has been in the care and custody of Plaintiff, who resides with his parents; that the child has been given excellent care, has enjoyed good health; that she gives every indication of being a happy, well-adjusted child; that Plaintiff is a devoted father and in every way fit and proper to have said child in his custody."

The court made the following findings of fact regarding the rehabilitation of the mother:

Finding of fact No. 2: "That material and substantial changes have occurred since the entry of the Decree of Di-

vorce; that the Defendant married GORDON N. BELAIR on May 5, 1957, a man with whom she kept company during her separation from Plaintiff, and who shared her incarceration in the Tacoma City Jail for drunk and disorderly conduct shortly after her separation; that Mr. Belair is a divorced man with a ten-year-old daughter by his prior marriage who resides with her mother; that GORDON N. BELAIR advised the Court of his prior imprisonment at the Washington State Reformatory for second-degree burglary, and that he has successfully completed his parole some years ago, and that he is presently employed. That the Defendant and her husband are now living a normal, accepted and respected life; that the marriage between the Defendant and GORDON N. BELAIR is a happy, stable and lasting one; that GORDON N. BELAIR is now stable, of good character, steadily employed, is trusted and respected by his employers and friends, and has expressed a willingness and desire to have said minor child in his home; that Defendant and her present husband have an adequate two-bedroom home in Puyallup, Washington, which is furnished and suitable for said minor child; that said home is in close proximity to a public school."

Finding of fact No. 3: "That Defendant has changed greatly since the Decree of Divorce was entered in that she has matured emotionally, has become a very stable person, has permanently overcome any alcoholic problem, has maintained a steady employment and advancement record with her employer, The Puget Sound National Bank of Tacoma, Washington, has the respect and confidence of her employer and friends, and enjoys a good reputation for sobriety, dependability and stability; that Defendant is now able to take a social drink without disastrous results, which she does as most persons now do; that the Defendant will immediately quit her employment and devote her full time and attention to being a mother and homemaker when she regains custody of her daughter; that the Defendant is now twenty-four years of age, has great love and affection for her minor daughter, would be a kind and considerate mother and is a fit and proper person to be awarded the full-time care, custody and control of her minor daughter."

Before the petition for modification was served on the father, the mother and her present husband went to Los Angeles and, under the pretext of taking the child to the beach for the afternoon, secured peaceful possession of her,

rushed her aboard an airplane, and brought her back to Tacoma.

We are not favorably impressed by this ready recourse to extra legal methods in securing possession of a child by a person predicating a petition for modification on the rehabilitation of both herself and her husband.

The reason given by the court for changing custody from the father back to the mother appears in the following language used by the court:

Finding of fact No. 9: "That since Plaintiff moved to California he has attended college five days a week, from 8:30 A. M. to 5:30 P. M., and works five days a week from 6:00 P. M. to 2:00 A. M.; that the actual care and raising of said child is left to Plaintiff's parents, both of whom are sixty years of age, or over; that said minor child is still of tender years, and the future welfare of said minor child would best be served and promoted were she being cared for and raised by a younger person, and particularly by her natural mother."

We accord full verity to the finding of the court that the mother and her present husband are now proper persons to have custody of the child. This does not of itself require a change of custody since the father is also a proper person and has had continuous and satisfactory custody of the child since she was about one year old.

We have not had occasion to measure in months and years the period covered by the tender-years doctrine and do not do so now, other than to say that it does not apply to school children. Prior to the bottle-feeding vogue, a mother's custody was well-nigh indispensable to the welfare of an infant and even now much weight is given to the theory that the excessive amount of care required by an infant is more likely to be given by a mother than any other person. An important ingredient of the tender-years doctrine was the obvious fact that the morals of a mother did not affect an infant in the tender-years period.

We feel free to disregard the trial court's reason for granting the modification, namely, the application of the tender-years doctrine.

We think the rationale of *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569, applies here. In that case we said:

" . . . In short, the children seem to have everything that is desirable for their welfare and proper bringing up, except the affectionate care and attention of the mother. Where the parents are divorced the children must go to one or the other. They must suffer the loss either of the father's directing influence or the mother's gentle care and affection; they cannot have both. . . . It may be that, if this were the original question and the court was dealing with the question of awarding the custody of the children to one parent or the other now for the first time, considering the tender age of the children, it would be deemed best for their welfare that the custody be given to the mother. It will be recognized that the changing of the custody of the children and moving them from one environment to another, in the absence of good cause therefor, is not desirable. . . ."

We think the record is lacking in evidence that the welfare of the child requires the change of her custody to the mother.

The order of modification is reversed, and the original decree is reinstated.

WEAVER, C. J., and OTT, J. concur.

DONWORTH, J., concurs in the result.

HUNTER, J. (dissenting)—The rule that this court will not disturb the ruling of the trial court in child custody matters unless there has been a manifest abuse of discretion, is so well established that citation is unnecessary.

The majority has in effect followed this rule but has avoided its impact by holding the trial court erroneously applied the tender-years doctrine to a child of school age. The majority has thereby created a rule placing school-age children beyond the purview of the tender-years doctrine. I disagree.

First, the majority is in error as to the facts to which it applies this announced rule. The minor child, at the time of the hearing on November 5, 1958, and the entry of the decree of modification on December 18, 1958, was not of school age, having become five years of age on November

5, 1958. This court can take judicial notice that six years is the accustomed age for the enrollment of children in public schools.

Second, I am convinced the majority has imposed an arbitrary limitation upon the tender-years doctrine. This court has never attempted to limit the application of the doctrine by years and months. Such a limitation is in conflict with the accepted rule that each child custody case must turn on its own particular facts. Moreover, any rule applied in child custody matters must necessarily be flexible. It must not be circumscribed by artificial and arbitrary limitations lest such limitations frustrate the court's paramount objective of acting for the best interest and welfare of the child.

The majority opinion assumes the tender-years doctrine is premised only upon the constant physical needs of an infant. There is no authority for such an assumption. On the contrary, as this court has observed, physical care is but a minor part of rearing a child. *Braun v. Braun,* 31 Wn. (2d) 468, 197 P. (2d) 442 (1948); *Warnecke v. Warnecke,* 28 Wn. (2d) 259, 182 P. (2d) 699 (1947).

The majority fails to consider that the welfare of a child is best served by insuring that it will learn the moral and spiritual values essential to the development of good character, for which a mother's untiring patience and devotion make her the most effective teacher during a child's impressionable years.

Finally, the majority disregards a child's need for emotional security during those impressionable years, which is best provided by a mother's constant love and understanding.

The trial court should be affirmed.