[No. 9877.  Department Two.  November 4, 1911.]

FREDA DYER, *Appellant*, v. S. S. DYER, *Respondent*.[1]

DIVORCE—CUSTODY OF CHILDREN—APPEAL—REVIEW. An order re-
lating to the control of the children, not appealed from within the
time required by law, cannot be reviewed on appeal from a subse-
quent order on the subject.

SAME—DISCRETION. An order relating to the custody of children
of divorced parents will not be disturbed on appeal except for abuse
of discretion and unless it is reasonably clear that the welfare of
the children requires it.

TRIAL—FINDINGS OF FACT — NECESSITY — APPEAL — EXCEPTIONS.
Findings of fact are not necessary on denying an application to
modify a decree of divorce respecting the custody of children; espe-
cially where none were requested and no exception was taken to the
failure to make findings.

Appeal from an order of the superior court for Pierce
county, Easterday, J., entered April 8, 1911, denying the
modification of a decree of divorce, after a hearing before the
court.  Affirmed. ·

*H. W. Lueders*, for appellant.

*Garvey, Kelly & MacMahon*, for respondent.

ELLIS, J.—This is an appeal from an order denying a
petition to modify a decree of divorce.

On December 2, 1909, the decree was rendered in favor
of the appellant, Freda Dyer, now Freda McKee, against her
then husband, the respondent, S. S. Dyer, in the superior
court for Pierce county, by Honorable M. L. Clifford, one
of the judges of that court.  Of the three children, the care
and custody of the two boys, John, aged seven years, and
Charley, aged twenty months, was awarded to the appellant,
to continue so long as she should conduct herself as a mother
towards them in their support, example and training, and
until the further order of the court, and so long as she can

[1]Reported in 118 Pac. 634.

provide for them without neglect or misusage on her part. The decree further provided that the respondent should have the right to visit the two children at all reasonable times, and take them out for amusement, entertainment and other purposes. The decree also recited, that the father, S. S. Dyer, was a fit and proper person to have the care and custody of the daughter Loretta, aged six years, and directed that he should, at his expense, place her in school at the Academy of Visitation, in Tacoma, Washington; that both parties should be entitled to visit her and take her out for amusement and entertainment at all reasonable times, at the discretion of the Superioress of the Academy; the child to remain there so long as the respondent pays her expenses, or until the appellant and respondent mutually agree in writing to place her in some other like institution.

On March 12, 1910, upon application of appellant, the court modified the decree by an order limiting the right of the father as to visiting the two boys and taking them out, to Tuesdays, Fridays and Sundays, unless otherwise agreed upon between the parties, and not later on such days than fifteen minutes to nine o'clock p. m.

On July 22, 1910, the appellant again applied to the court for a modification of the decree so as to give her the custody of the daughter Loretta, but this application was abandoned by agreement of the parties. From then until September 20, 1910, when the appellant intermarried with one Fred McKee, it seems that, by mutual agreement, the child Loretta lived with appellant, the respondent agreeing to contribute $25 per month for her support and board. On the appellant's marriage, the respondent again placed the child in the Academy of Visitation, where she remained until October 29, 1910, when, on application of respondent, the court made an order modifying the decree so as to permit him to take the child Loretta, freed from the restrictions in the original decree, and maintain her in a home established for her and himself in Tacoma, where he should have her care and custody, subject

to appellant's rights to visit her as provided in the original decree. All of the foregoing applications were presented before Judge Clifford.

On January 12, 1910, appellant again applied to the court, Honorable C. M. Easterday, another judge, presiding, for a modification of the decree so as to award the care and custody of all three of the children to her, and to require the respondent to contribute to their maintenance and support. The application was contested, and on April 8, 1911, the court entered an order denying it. From that order, this appeal was prosecuted.

The appellant first assigns as error the entry of the order of October 29, 1910, permitting the respondent to take the child Loretta from the Academy of Visitation. This assignment is finally disposed of by the fact that the order was entered some six months before the appeal was taken. It was an appealable order, and was not appealed from within the period prescribed by statute.

The second and third assignments of error are based upon the court's refusal, by the order of April 8, 1911, to award the custody of the child Loretta to the appellant, and the refusal to require respondent to contribute to the support of the other two children remaining in custody of appellant. The application for modification of the decree was necessarily addressed to the sound discretion of the trial court, to be exercised according to the weight of the evidence and with a paramount regard to the best interests of the children. This is the rule governing in respect to these matters in the provisions of an original decree of divorce under the statute, as construed by this court. These matters, from their very nature, invoke the equitable powers of the court, and the jurisdiction is a continuing one "so long as there is a minor child whose maintenance and welfare are provided for in the decree." *Poland v. Poland,* 63 Wash. 597, 116 Pac. 2; *Fickett v. Fickett,* 39 Wash. 38, 80 Pac. 1134; Rem. & Bal. Code, § 989.

In cases of this kind there is often an atmosphere apparent at the trial, sometimes elusive, but none the less palpable to the trial court, which is seldom fully manifested in the written record. An appellate court should not disturb the order of the trial court unless it is made reasonably plain by the evidence that the welfare of the child requires it. As shown by the foregoing history of the proceedings in this case, two judges of the superior court have several times had the parties and their witnesses before them, and have at no time found that the respondent is an unfit person to have the care and custody of the child Loretta, or that it is for her best interests that her custody be transferred to the mother. The evidence taken at the hearing shows that the respondent has provided a home for the child with a Mrs. Johns, who is admitted to be a woman of kindly nature and unimpeachable character. The child's surroundings are admittedly good, she is in school every day, and is apparently contented and happy. The mother can see her as often as she desires. No good reason is shown for disturbing this arrangement. It is useless to review the evidence further than to say that we have considered it fully, and fail to find any facts sufficient to warrant us in disturbing the court's order.

Finally, it is objected that the court failed to make specific findings of fact. No formal findings were necessary. Moreover, the appellant is in no position to urge the objection now made. The record fails to show that any findings were requested, or any objection made or exception taken to the court's failure to make findings.

The order is affirmed.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.