[No. 19017.    Department Two.    May 8, 1925.]

Fred Timm, *Respondent*, v. Ada B. Timm Ayres, *Appellant*.[1]

DIVORCE (104)—CUSTODY OF CHILD—MODIFICATION OF DECREE. The denial of a petition to modify a decree of divorce as to the custody of a child will not be disturbed on appeal where the discretion of the judge was properly exercised with reference to the interest and welfare of the child.

Appeal from an order of the superior court for Clarke county, Simpson, J., entered June 3, 1924, denying a petition to modify a decree of divorce respecting the custody of a child, after a hearing before the court. Affirmed.

*Crass & Hardin,* for appellant.
*Jas. O. Blair,* for respondent.

Mitchell, J.—This is an appeal from an order denying a petition to modify a decree of divorce with relation to the custody of a child.

The decree sought to be modified was entered in the superior court of Clarke county in a suit by the husband, Fred Timm, against his wife, Ada B. Timm, the summons and complaint having been served on her personally in Clarke county. Upon granting the divorce, the care and custody of the child, Doris Gertrude, was awarded to its maternal grandmother, who

[1]Reported in 235 Pac. 818.

has cared for it at all times since the date of its birth, nine years ago. After the divorce, Mrs. Timm married Francis L. Ayres, with whom she was living in Portland, Oregon, at the time of filing the petition for a modification of the decree. She petitions that she be given the care and the custody of the child. Her petition was resisted by the child's father, and upon the evidence taken before the resident judge of the county, he being the same judge who heard the divorce action, the petition to modify the decree was denied.

The only assignment of error presents the case on its merits. The rule in this state was expressed in *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634, wherein it was said:

"The application for modification of the decree was necessarily addressed to the sound discretion of the trial court, to be exercised according to the weight of the evidence and with a paramount regard to the best interests of the children."

See, also, *Ustler v. Ustler,* 128 Wash. 19, 221 Pac. 577.

It would be useless to review the evidence in this case in detail or speak of it further than to say that, upon an examination and consideration of it with reference to its weight as related to the paramount interest and welfare of the child, we fail to find facts sufficient to justify any disturbance of the court's order.

Affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.