[No. 26684. Department One. July 12, 1937.]

E. R. CARTER, *Appellant,* v. MARGARET CARTER, *Respondent.*[1]

*A. E. Graham,* for appellant.

*A. P. Wilson,* for respondent.

MAIN, J.—This is an appeal from an order of the superior court adjudging the appellant, E. R. Carter, in

[1]Reported in 70 P. (2d) 297.

contempt and committing him to the county jail for a period of ten days as punishment for failure to pay alimony provided in the decree by which he and his then wife, Margaret Carter, were divorced.

The interlocutory decree was entered October 25, 1930, and, among other things, provided that the appellant should pay the sum of twenty dollars per month for the support and maintenance of the adopted minor child of the parties, then eleven years of age. Subsequently, and on the eighth of September, 1933, the final decree of divorce was entered and confirmed the interlocutory decree.

November 2, 1936, an order was entered directing the appellant to appear and show cause why he had not complied with the decree by paying the alimony provided for the support and education of the minor child. Subsequent to the divorce decree and prior to the time this show cause order was issued, a number of similar orders had been issued, requiring him to show cause why he should not pay the alimony provided for in the divorce decree. At the time the last order was issued, there were more than one thousand dollars due and unpaid in accumulated alimony.

A hearing was had upon this order, at the conclusion of which this occurred:

"THE COURT: I told you the last time to do something and not come back here. A. If I can't make the money I can't pay. THE COURT: You have been here so many times, and I told you I didn't want to see you here again. A. I can't help it if they drag me up on it, if I can't make the money. . . . THE COURT: I think I will have to keep my word with you, Mr. Carter, and put you in jail for ten days."

In the order entered November 6, 1936, in which the appellant was adjudged to be in contempt and ordered committed to jail for a period of ten days, it is recited:

"That it has been made to appear to the court that the right, necessity and remedy of the defendant to have and receive the said support money from the plaintiff has been defeated by his continuous and successive actions in neglecting, refusing and failing to pay support money for said minor child to the defendant as ordered and directed by the court, which has continued over a long period of time; that the plaintiff is in arrears in paying the said support money in a sum in excess of $1,000; that the said minor child, now about seventeen years of age, is unable to attend school because of the failure and refusal of the plaintiff to pay the said support money; . . ."

Following this, it was adjudged that the appellant had

". . . failed to show good and sufficient cause why he has not at this time and heretofore complied with the said interlocutory order to pay to the defendant the support money for the minor child, Hazel, provided therein."

The order further adjudges the appellant to be in contempt, and directs that he be imprisoned in the county jail for a period of ten days "as punishment for said contempt. . . ."

It thus appears that the court found that the appellant had failed to show good and sufficient cause why he had not complied with the decree, and we are of the opinion that the trial court's view of the matter was correct.

There is no question but that the court has the power, in a proper case, to punish, by imprisonment in the county jail, for failure to pay alimony as provided in a divorce decree, and we are of the view that this was a proper case.

The order appealed from will be affirmed.

MILLARD, BLAKE, GERAGHTY, and ROBINSON, JJ., concur.