[No. 29126.   Department Two.   November 9, 1943.]

CLIFFORD M. CAMPBELL, *Appellant*, v. HALLIE M. CAMPBELL, *Respondent.*[1]

*James O. Cull*, for appellant.

*LaBerge & Lyon*, for respondent.

BLAKE, J.—This is an appeal by plaintiff from an order, entered upon petition of defendant, modifying a decree of divorce with respect to the custody of children.   Prior to the entry of the decree, the parties entered into a written agreement containing the following provision:

"That second party hereby surrenders the full custody and control of Gerald Eugene Campbell and Marylin Diane Campbell, minor children of the parties, to said first party, their father, who hereby assumes the responsibility for their care, custody, protection and education; it being understood that any decree of divorce shall likewise vest

[1] Reported in 143 P. (2d) 534.

such custody and control with first party, plaintiff in the action; PROVIDED HOWEVER, it is understood that second party shall have the reasonable privilege of visitation with said children, and each of them, at proper times and through arrangement mutually agreed upon between the parties; and any decree of divorce shall so provide."

The interlocutory order provided that

" . . . the full custody and control of the minor children of the parties . . . is hereby awarded to the plaintiff, subject to the responsible [reasonable] privilege of visitation by defendant at proper times and through arrangements mutually agreed upon through the parties; . . ."

Prior to September, 1942, appellant permitted the children to spend every other weekend with their mother. Beginning in September, he allowed them to visit her only every third weekend. In February, 1943, he notified respondent that he would permit the children to visit her only every sixth weekend. Respondent then asked the court to modify the decree by definitely prescribing periods during which she might have the children with her. After a hearing at which no question was raised as to the fitness of either party to have the custody and control of the children, the court entered the order in controversy, which provides that

"the defendant shall . . . have the right of visitation from said children on weekends every second week, beginning on Friday . . . after school and until the following Sunday evening, and that she have said children with her during the first half of all vacation periods."

▆ Appellant's assignments of error challenge the power of the court to modify the decree and charge abuse of discretion in entering the order of modification. His first contention is based upon the agreement between himself and the respondent, by which the latter surrendered to him the "full custody and control" of the children. In support of his contention, he cites *Ackley v. Burchard,* 11 Wash. 128, 39 Pac. 372.

That case simply holds that a party to a divorce action may stipulate to the modification of a decree of divorce with respect to the custody of children, and that the stipulation, without modification of the decree, is sufficient to sustain the legal right of custody of the children in the party to whom they are surrendered. As we read it, the decision in no respect reflects upon the power of the court to entertain jurisdiction of an application for custody of children at any time subsequent to the entry of the decree by which their disposition is adjudicated. In *Delle v. Delle*, 112 Wash. 512, 514, 192 Pac. 966, 193 Pac. 569, we said:

"The parties could not, by contract, and the court could not, in an original decree, make a provision relating to the custody of the children which would be controlling upon a subsequent hearing where their custody was involved. So long as there are minor children whose maintenance and welfare are provided for in the original decree, there is a continuing jurisdiction in the court to modify that decree, having regard to their welfare."

The foregoing was reiterated in *Troyer v. Troyer*, 177 Wash. 88, 30 P. (2d) 963; and it is in accord with the holdings of this court in a long line of decisions beginning with *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634.

Appellant urges that, by virtue of the contract, respondent is estopped from making claim of any right to custody or control of the children. Such a construction of the contract would render it void as against public policy as declared in the Laws of 1933, chapter 112, p. 432, § 1 (Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507]), which provides that the interlocutory order, "as to . . . care, . . . support and education of children . . . may be modified, altered and revised by the court from time to time as circumstances may require; . . ." That the court had jurisdiction and power to modify the decree, is not debatable.

Nor do we think there is any merit in appellant's contention that the court abused its discretion in modifying the decree to the extent provided in the order. While the paramount consideration is, in all instances, the welfare of

the children, yet the rights and responsibilities of the parents toward them are, in the absence of misconduct, equal. *Delle v. Delle, supra.*

As we view the record, this controversy arises out of a misapprehension on the part of appellant as to the rights he acquired to the custody and control of the children by virtue of the contract. He apparently conceived his right to custody and control to be absolute. We gather it to be his purpose, under the guise of acting in the best interest of the children, to deprive the respondent, so far as possible, of their association and companionship. In protecting her in this right, the court acted also in the best interest of the children.

"In determining what is for the best welfare of a child of tender years, the courts must consider not only food, clothing, shelter, care, education and environment, but must also bear in mind that every such child is entitled to the love, nurture, advice and training of both father and mother, and to deny to the child an opportunity to know, associate with, love and be loved by either parent, may be a more serious ill than to refuse it in some part those things which money can buy." *Brock v. Brock,* 123 Wash. 450, 452, 212 Pac. 550.

Order affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.