[No. 29158. Department Two. January 29, 1944.]

WARREN GOADE, *Appellant,* v. DOROTHY GOADE, *Respondent.*[1]

[1]Reported in 145 P. (2d) 886.

*E. K. Marohn,* for appellant.
*Rummens & Griffin,* for respondent.

BLAKE, J.—This is an appeal from an order modifying an interlocutory decree of divorce (*in due course made final*) with respect to the custody of the four year old daughter of the parties.

By the interlocutory decree, respondent was "awarded the care, custody and control of her minor child, Mary Lou Goade," subject, however, to the privilege accorded appellant of "visiting his said child once a week" and permitting him "to take the said child and have her with him during the day once each month." The decree further provided that, when Mary Lou becomes six years of age, appellant "shall have the right, without prejudice, to petition the court for the privilege of having said child with him during the Summer vacation for a period of two weeks." The decree expressly prohibited respondent "from taking or moving said child out of the State of Washington, without order of court."

Respondent filed a petition praying that the decree "be modified and there be awarded to [her] the sole care, custody and control and *guardianship* of said minor to the end that she may be free to take up her residence where she may see fit and remove said child from the State of Washington." Answering the petition, appellant asked that the

decree be modified by awarding him "the care, custody and control of his said minor daughter or at least the joint control . . ."

The matter came up for hearing before the same judge who tried the divorce action and entered the interlocutory decree. After hearing the evidence offered by the parties on their petitions for modification, the court entered an order dismissing appellant's petition and granting respondent's. The order of modification specifically rescinds the provision in the interlocutory decree prohibiting respondent from taking the child out of the state and awards to her "the sole care, custody, control and *guardianship* of the minor child of the parties hereto, Mary Lou Goade."

That the court acted in the best interests of the child in permitting respondent to take her out of the state, we have no doubt. Precedent for such permission is found in the decisions of this court in *Kirby v. Kirby*, 126 Wash. 530, 219 Pac. 27, and *Jeschke v. Jeschke*, 16 Wn. (2d) 617, 134 P. (2d) 464.

It appears from the court's findings, which are abundantly supported by the evidence, that, since the birth of the child, the respondent has been under the necessity of working in order to support it and herself, because appellant was unable to support them; that, because of such necessity, respondent has been unable to have the child with her at all times; that, since the divorce, she met a man to whom she has become engaged and wants to marry; that this man, Ted Christoffersen, is a chief petty officer in the United States navy; that he has been in the service for approximately eighteen years and is now stationed in Illinois; that he has a home at Glenview, Illinois, to which he will take respondent and her child, and he has ample means to support them; that respondent will forego her desire to marry Christoffersen unless she can have the child with her; that, upon the consummation of such marriage, the respondent can and will give her undivided attention to her home and her child.

Under these facts, we are convinced that the court acted

in the best interests of the child in rescinding the provision of the interlocutory decree prohibiting respondent from taking the child out of the state.

Appellant contends, however, that the decree goes further than that and deprives him for all time of the right of visitation reserved to him in the interlocutory decree.

We think the order is susceptible to this interpretation. So interpreted, the order would divest the court of the power to entertain jurisdiction of any subsequent application for modification of the decree with respect to the custody and control of the child. The order may also be susceptible of being construed to deprive appellant of the right to a hearing upon any application that may be made for the child's adoption.

■ The power of the court over the custody and control of children in divorce actions rests in the statute. Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507]. The power granted is not without its limitations. The statute simply provides that, when a divorce is granted, an interlocutory order must be entered which "shall . . . make all necessary provisions as to . . . care, custody, support and education of children . . ." The preexisting analogous statute (Laws 1891, chapter XXVI, p. 43, § 5) provided that, in granting a divorce, the court should "make provision for the guardianship, custody, and support and education of the minor children. . . ." Construing both these statutes, the court has uniformly held that the jurisdiction under them is a continuing one "so long as there is a minor child whose welfare and maintenance are provided for in the decree." *Poland v. Poland,* 63 Wash. 597, 600, 116 Pac. 2; *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634. And in *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569, the court said, p. 514:

"The parties could not, by contract, and the court could not, in an original decree, make a provision relating to the custody of the children which would be controlling upon a subsequent hearing where their custody was involved."

See, also, *Troyer v. Troyer,* 177 Wash. 88, 30 P. (2d) 963; *Campbell v. Campbell,* 19 Wn. (2d) 410, 143 P. (2d) 534.

In other words, the court cannot, either in the original interlocutory decree or in orders modifying it, divest itself of the power conferred by the statute to entertain an application concerning the custody and control of minor children. Of course, where the order permits the child to be taken from the state, the power may be without avail, but it is not lost. It becomes effective upon the child's return to the state. This was recognized in *Jeschke v. Jeschke, supra.* In that case, the order permitting removal of the child from the state reserved the father's right of visitation in the event of its return.

What we have said here with respect to this continuing power of the court over the disposition, custody, and control of minor children in divorce actions, has been said, in substance, many times in our decisions. Reiteration has seemed to us necessary, however, lest it be contended in a foreign jurisdiction that the order under review serves to deprive appellant of all parental rights with respect to the child. The order is not to be construed as depriving him of the right of visitation nor of the right to such notice and hearing as may be accorded to a parent by the laws of any state in which an application for adoption may be made.

Subject to these limitations, the order is affirmed.

SIMPSON, C. J., ROBINSON, GRADY, and MALLERY, JJ., concur.