[No. 31219. Department One. June 5, 1950.]

LOIS KATHERINE SCHAEFER, *Appellant*, v. CHESTER C. SCHAEFER, *Respondent*.[1]

*Herbert Danz*, for appellant.

*Arnold R. Beezer*, for respondent.

SCHWELLENBACH, J.—This is an appeal from an order modifying a divorce decree by changing the basic custody of the child of the parties from the mother to the father, and adjudging the mother in contempt.

[1]Reported in 219 P. (2d) 114.

A better understanding of the problem would be served by giving a brief resume of the steps leading up to this order:

*February 28, 1946,* Interlocutory order of divorce granted to plaintiff. She was awarded the custody of Joan Elizabeth Schaefer, the minor child, with right of reasonable visitation in the defendant, who was ordered to pay forty dollars per month for the support of the child.

*August 30, 1946.* Final decree.

*November 4, 1946,* and *December 17, 1946.* Motions requiring defendant to pay support money.

*July 14, 1948.* Petition by defendant to modify decree, supported by affidavit alleging plaintiff has remarried and has left the jurisdiction of the court. Asks temporary custody each alternate week end from ten a. m. Saturday to six p. m. Sunday.

*December 9, 1948.* Answer to petition, alleging that she and child temporarily went to Wichita, Kansas, to be with her husband while he was transferred there by the Boeing Company. Alleges defendant to be in arrears in the sum of $560 for support money.

*December 16, 1948.* Order of Honorable William G. Long that the decree be modified to provide that plaintiff have the custody of the child; that, upon the payment of delinquent payments aggregating $560, and upon his paying support money payments thereafter to accrue, defendant should be entitled to have the child with him on alternate Sundays between the hours of one p. m. and five p. m.; that neither party should remove the child from the jurisdiction of the court without permission of the court. The order also contains the following:

"2. That this matter is hereby continued on call for a period of six months from the time that the defendant herein is entitled to his right of visitation, as provided in the modified portion of the Interlocutory and Final Decrees of Divorce, as above stated. At that time, upon ten days notice in writing to the attorney for either party hereto, the matter of further visitation and/or custody rights of the defendant shall be then considered by this Court."

*July 7, 1949.* Motion of defendant that plaintiff have the child with her at a hearing before Judge Long, on July 21, 1949. After an extended hearing on this motion, an order was entered finding the mother in contempt, awarding the basic custody of the child to the father but granting the mother "permissive" custody during the school year with certain other provisions covering various holidays. This appeal follows.

Appellant contends that the trial court lacked jurisdiction to enter the order in question and failed to comply with the statutory procedure in finding appellant in contempt.

By the order of December 16, 1948, the matter was continued on call for a period of six months from the time the respondent was entitled to his right of visitation, and, at that time, upon ten days' notice, the "matter of further visitation and/or custody rights" would then be considered by the court. Payment was made December 29, 1948, and respondent's rights of visitation commenced the following Sunday, January 2, 1949.

The court retained jurisdiction under its order of December 16, 1948, for six months after January 2, 1949, or until July 2, 1949. By simply serving a ten-day notice on or before the latter date, either party could have had the matter of custody and visitation rights considered by the court without the necessity of the usual formal petition to modify the interlocutory order and final decree of divorce. However, the present motion and notice were not served and filed until July 7, 1949. At that time, the matter was no longer "on call," and the court had lost jurisdiction, under its particular order of December 16, 1948, to further consider the matter when presented only by a notice pursuant to that order.

Of course, the superior court has a continuing jurisdiction with respect to the custody and support of minors and the power to modify its decrees. *Campbell v. Campbell,* 19 Wn. (2d) 410, 143 P. (2d) 534. The court therefore could have considered the motion of July 7, 1949, as a new and independent petition for modification. But when we examine the motion of July 7th, together with its supporting affida-

vit, we find that it bears no resemblance to a petition for a change of custody. It merely requests that the child be brought before Judge Long in chambers, ostensibly for a clarification of respondent's right of visitation. There is nothing in the motion or supporting affidavit alleging such a change of conditions or circumstances which would authorize the court, upon a proper showing, to change the basic custody of the child.

■ Furthermore, the court had no right at this hearing to find appellant to be in contempt. That finding was not for a contempt committed in the presence of the court so that Rem. Rev. Stat., § 1051 [P.P.C. § 20-5], would apply. If appellant's actions constituted contempt of court, it was a contempt within the meaning of Rem. Rev. Stat., § 1052 [P.P.C. § 20-7], which provides:

"In cases other than those mentioned in the preceding section, before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance."

■ In a divorce case, the court has the power to adjudge a party in contempt for failure to comply with the provisions of the decree. *Bice v. Bice*, 138 Wash. 598, 244 Pac. 1000. *Carter v. Carter*, 190 Wash. 606, 70 P. (2d) 297. But in such instances the provisions of Rem. Rev. Stat., § 1052, apply, and before a party can be so adjudged, he must be given an opportunity to show why he should not be adjudged in contempt.

In view of our conclusion that the trial court did not have jurisdiction to modify the divorce decree, and that the court failed to comply with Rem. Rev. Stat., § 1052, in adjudging appellant to be in contempt, we will not consider the merits of the action.

The order appealed from is reversed.

GRADY, HILL, HAMLEY, and DONWORTH, JJ., concur.