[No. 1961-2.   Division Two.   October 16, 1975.]

KAREN DEE ANDERSON, *Petitioner*, v. GROVE ANDERSON, *Respondent.*

*Everett K. Plumb* (of *Hutchins, Plumb & Wheeler*), for petitioner.

*Harold E. Winther* (of *Small & Winther*), for respondent.

REED, J.—Karen Anderson petitions, by writ of certiorari, from a ruling of the superior court awarding custody of her two children, Tami, age 13, and Dennis, age 11, to her former husband, Grove (Jack) Anderson. The ruling was the result of a custody modification proceeding brought by Mr. Anderson.

On petition, Karen Anderson essentially contends that the court's findings were not supported by the evidence and its ruling was contrary to law. We agree with those contentions and accordingly, we reverse.

Karen and Jack Anderson were divorced in 1973 in a default proceeding in which Karen Anderson was awarded custody of the children. There is evidence that Karen Anderson's frustration with her former husband's visitation privileges prompted his petition for the modification of the custody decree.

There was considerable testimony that Karen Anderson kept a good home for her children and devoted nearly her full time to them. She did poorly as a witness, however. She gave vague or inconsistent testimony about such things as the occasional odd jobs which she performs and it appears that she is hard of hearing. Her relationship with a Richard Hassan is perhaps peculiar. He appears to be devoted to her and the children, yet Karen Anderson claims to have no romantic interest in him.

Paul Hamlin, the Pierce County Family Court Commissioner, investigated the parents and found them to be fit and that the children were fond of both. Tami told him she preferred living with her mother; Dennis was noncommittal.

Tami reiterated to the trial court her desire to live with her mother. She was particularly adamant on that point. Dennis also told the court he preferred living with his mother.

The court found Karen Anderson to be an unfit parent. It found her immature, emotionally unstable, mentally unbalanced, preoccupied with fantasy and unable to tell the truth.

We have carefully reviewed the record and believe that these findings are not supported by the evidence. More importantly, the trial court did not make findings which reflect the mandate of RCW 26.09.260, a provision of the marriage dissolution act enacted in 1973. RCW 26.09.260 sets forth criteria for the modification of custody awards and states in relevant part that:

(1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior decree unless:

. . .

(c) The child's present environment is detrimental to his physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

That provision expresses a preference for the custodial parent in a modification proceeding for the reason that custodial changes are viewed as being highly disruptive for the child. Such changes are, to a great extent, discouraged. Changes in custody should not be made simply because the trial court prefers one parent to the other. This is so even if the original decree was taken by default. Rather, RCW 26.09.260 permits a modification of custody only when there is sufficient evidence to support a finding that: (1) there has been a change in circumstances, (2) the best interests of the child will be served, (3) the present environment is detrimental to the child's well-being, and (4) the harm caused by the change is outweighed by the advantage of a change.

Even if findings had been made which conform with the criteria set forth above, such findings would not have found support in the record. The evidence simply portrayed two parents who were perhaps less than perfect. Nevertheless, there was no showing that Karen Anderson is

not a fit parent. There was no evidence of any material change in the maternal environment which would compel a change of custody. Nor was there any showing that the maternal home was detrimental to the children's well-being. The children were comfortable in their mother's home, preferred living there, and were doing well in school. The only advantage that would result from a custodial change would be the alleviation of Jack Anderson's visitation problem. This, by itself, is not a sound reason for the modification of the decree. *Shaffer v. Shaffer*, 61 Wn.2d 699, 379 P.2d 995 (1963). *But cf. Selivanoff v. Selivanoff*, 12 Wn. App. 263, 529 P.2d 486 (1974). Because the criteria of RCW 26.09.260 were not satisfied, the court erred in awarding custody to Jack Anderson. The order from which this appeal has been taken is reversed and the cause is remanded to the superior court with instructions to dismiss the petition for modification and reinstate the provisions of the original divorce decree.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied December 1, 1975.

Review denied by Supreme Court February 9, 1976.