[No. 4386-0-III. Division Three. April 21, 1981.]

*In the Matter of the Marriage of* CHERYL
RAUGUST, *Respondent, and* TERRY C.
RAUGUST, *Appellant.*

*Mark F. Bennett* and *Fredrickson, Maxey, Bell & Stiley,*
for appellant.

*Melvin H. Champagne,* for respondent.

MUNSON, J.—This case involves the modification of a
child custody order. Originally, the children were in the

joint custody of their father, Terry Raugust, and their mother, Cheryl (Raugust) Descalzi. Upon modification, the court awarded physical custody to the mother; the father brought this appeal. Oral argument was held March 17, 1981, upon an accelerated appeal from the February 11, 1981, order modifying custody. We remand for entry of proper findings.

RCW 26.09.260[1] requires compliance with certain standards before modification of a custody decree. Although finding both parents fit, the court found joint custody was no longer appropriate or desirable. The parents appear to concur in this finding, but the father objects to the result. However, the trial court did not comply with RCW 26.09.260 inasmuch as finding of fact No. 7 only noted:

> It is in the best interest of the parties' minor children to reside with their mother in that they are of an age where they are more in need of their mother's close supervision and nurturing, and, their mother is the natural parent who will be able to spend more continuous, quality time with them.

This finding is not sufficient. *In re Marriage of Murray*, 28 Wn. App. 187, 622 P.2d 1288 (1981). While *Murray* dealt with the original award of custody under RCW 26.09.190, the same rationale is appropriate in a custody modification proceeding. Therefore, we must remand this case for the entry of proper findings of fact.

---

[1]RCW 26.09.260:

"(1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior decree unless:

"(a) The custodian agrees to the modification;

"(b) The child has been integrated into the family of the petitioner with the consent of the custodian; or

"(c) The child's present environment is detrimental to his physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

Since the original decree was by consent, the court may consider facts unknown to it at the time of the prior decree, as well as postdecree facts. *In re Marriage of Timmons,* 94 Wn.2d 594, 617 P.2d 1032 (1980); *McDaniel v. McDaniel,* 14 Wn. App. 194, 539 P.2d 699 (1975). The trial court is vested with full jurisdiction to proceed as it deems necessary, including, but not limited to, allowing the entry of additional evidence, modifying present visitation rights and awarding attorneys' fees.

McINTURFF, C.J., and GREEN, J., concur.