[No. 16403-1-I.   Division One.   June 2, 1986.]

In the Matter of the Marriage of JANICE NAVAL,
Respondent, and TERRY JOE NICHOLL,
Appellant.

*Terry Joe Nicholl,* pro se.

*Mary Alice Norman,* for respondent.

RINGOLD, A.C.J.—Terry Nicholl appeals a child custody modification order awarding custody of their two children to his former wife, Janice Naval. He argues that the court lacked jurisdiction to enter the order of modification. We hold that the trial court acted properly within its jurisdiction and affirm.

Terry Nicholl and Janice Naval were married in August 1975. Their marriage was dissolved by Decree of Dissolution entered August 10, 1983. The decree provided for the couple to share custody of their two minor children. The children were to spend equal time at each parent's residence.

In September 1984, Naval filed a petition to modify the custody decree. On October 4, 1984, a threshold hearing was held in which the court commissioner determined that the pleadings were insufficient to warrant a trial on the merits. Seeking to reverse this decision, Naval sought revision before a superior court judge. Before the motion was heard, Nicholl signed a stipulation drafted by Naval's attorney that stated:

> Come now the parties and through their attorneys, stipulate that substantial changed circumstances exist since the dissolution of marriage that warrant a trial on the issues of custody, visitation and support.
> The parties further stipulate that mediation of custody would be useless, that an investigation should be conducted by Family Court and a trial date set.

Nicholl filed an answer and a counterpetition. In his counterpetition, he alleged that "shared physical custody is not in the best interests of the children" and that "such shared custody is a detriment to the children's physical, emotional, and mental safety . . ."

In April 1985, a trial was held. An order was thereafter entered naming Naval the residential custodian of the children and granting Nicholl specified visitation rights. Nicholl appeals this order.

JURISDICTION

RCW 26.09.260(1) states in part:

> The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Nicholl stipulated that "substantial changed circumstances exist" to warrant a trial on the issues of custody, visitation and support. As a general rule, such stipulations are binding on the parties and the court. *Cook v. Vennigerholz,* 44 Wn.2d 612, 615, 269 P.2d 824 (1954); *Riordan v. Commercial Travelers Mut. Ins. Co.,* 11 Wn. App. 707, 715, 525 P.2d 804 (1974); CR 2A.

Nicholl does not contend that the stipulation was void or that an insufficient threshold showing pursuant to RCW 26.09.270 was made. He maintains that the provisions of RCW 26.09.260(1) are jurisdictional and that the stipulation alone is insufficient to confer jurisdiction to modify the custody decree. Since the court failed to make independent findings to support the stipulated change in circumstances, he argues that the custody modification was unlawful.

Nicholl's reliance on the "universal rule that the parties to an action cannot, by stipulation, confer upon a court a jurisdiction with which it is not vested", *Miles v. Chinto Mining Co.,* 21 Wn.2d 902, 903, 153 P.2d 856, 156 P.2d 235 (1944), is misplaced. We hold that the provisions of RCW 26.09.260(1) are not jurisdictional prerequisites for a number of reasons.

First, Nicholl cites *Anderson v. Anderson,* 14 Wn. App. 366, 541 P.2d 996 (1975) as his sole case authority for the proposition that a trial court has jurisdiction to modify a custody decree only if the statutory requirements of RCW 26.09.260(1) are met. The *Anderson* court held that a custody modification is not permitted unless the criteria set forth in RCW 26.09.260(1) are met. *Anderson,* at 368. The

court reversed simply because the evidence adduced at trial did not satisfy the requirements of the statute. *Anderson,* at 369. The court did not question the trial court's jurisdiction to adjudicate the issue.[1] *Anderson* is inapplicable.

Nicholl fails to cite any other case in support of his proposition that RCW 26.09.260(1) is jurisdictional. This court must assume that after diligent search he has found none. *Malstrom v. Kalland,* 62 Wn.2d 732, 733, 384 P.2d 613 (1963). Indeed, independent research has likewise revealed no case authority for Nicholl's proposition.

Second, a fair reading of RCW 26.09.260(1) in light of other provisions appearing in RCW Title 26 does not support Nicholl's contention. RCW 26.12.010[2] provides that a superior court will be known and referred to as the "family court" when exercising jurisdiction conferred by that chapter. The jurisdiction of the family court is delineated in RCW 26.12.090 which states:

---

[1]Nicholl also cites *In re Marriage of Raugust,* 29 Wn. App. 53, 627 P.2d 558 (1981), asserting that the case is pertinent to the issues on appeal. In *Raugust,* the court found, and both parents "appear[ed] to concur" in the finding that joint custody was no longer appropriate or desirable. *Raugust,* at 54. The trial court awarded custody to the mother stating in finding of fact 7:

> It is in the best interest of the parties' minor children to reside with their mother in that they are of an age where they are more in need of their mother's close supervision and nurturing, and, their mother is the natural parent who will be able to spend more continuous, quality time with them.

*Raugust,* at 54.

The appellate court held that the finding was insufficient under RCW 26.09-.260. The court relied on the rationale expressed in *In re Marriage of Murray,* 28 Wn. App. 187, 622 P.2d 1288 (1981), where the court warned trial courts not to award custody "based *solely* on the tender years doctrine." *Murray,* at 191. Accordingly, *Raugust* has no application to the case sub judice.

[2]RCW 26.12.010 provides:

"Each superior court shall exercise the jurisdiction conferred by this chapter and while sitting in the exercise of such jurisdiction shall be known and referred to as the 'family court.' A family law proceeding under this chapter is any proceeding under this title or any proceeding in which the family court is requested to adjudicate or enforce the rights of the parties or their children regarding the determination or modification of child custody, visitation, or support, or the distribution of property or obligations."

Whenever any controversy exists between parties which may result in the dissolution of the marriage, declaration of invalidity, or the disruption of the household, and there is any minor child of the parties or of either of them whose welfare might be affected thereby, the family court shall have jurisdiction over the controversy and over the parties thereto and all persons having any relation to the controversy as provided in this chapter.

RCW 26.09.260 does not mention jurisdiction. The statute simply precludes the court from modifying a custody decree unless certain criteria are met. Accordingly, since the Legislature explicitly used the term "jurisdiction" in RCW 26.12.090, this court should conclude that this evidences a difference in legislative intent. *See United Parcel Serv., Inc. v. Department of Rev.,* 102 Wn.2d 355, 362–63, 687 P.2d 186 (1984). The intent must be deduced as far as possible from what the Legislature actually said. *United Parcel,* at 362–63; *St. Paul & Tacoma Lumber Co. v. State,* 40 Wn.2d 347, 351, 243 P.2d 474 (1952). Since the Legislature did not use the term "jurisdiction", it appears evident that they did not intend for the custody modification provision to be jurisdictional.

The Legislature is presumed to know existing case law in those areas in which it is legislating. *Woodson v. State,* 95 Wn.2d 257, 262, 623 P.2d 683 (1980). The Washington courts have long held that a court in a divorce action retains continuing jurisdiction over the children until they reach the age of majority in order to insure that their best interests are furthered. *E.g., State ex rel. Hale v. Long,* 36 Wn.2d 432, 436, 218 P.2d 884 (1950); *Schaefer v. Schaefer,* 36 Wn.2d 514, 516, 219 P.2d 114 (1950); *Campbell v. Campbell,* 19 Wn.2d 410, 412, 143 P.2d 534 (1943); *Dyer v. Dyer,* 65 Wash. 535, 537, 118 P. 634 (1911); *Dickson v. Dickson,* 12 Wn. App. 183, 188, 529 P.2d 476 (1974), *cert. denied,* 432 U.S. 832 (1975). Absent an indication from the Legislature that it intended to overrule this long–standing precedent, RCW 26.09.260(1) should be presumed to be in line with these prior decisions. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 887–88, 652 P.2d 948 (1982). This court will

not assume that the Legislature would make such a significant change by implication. *State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984).

■ Nicholl's argument also raises the question of whether the Legislature has the power to limit the court's jurisdiction in the manner he espouses. Article 4, section 6 of the Washington State Constitution provides that the superior court shall have original jurisdiction "of all matters of probate, of divorce, and for annulment of marriage . . ." Adoption of the interpretation of RCW 26.09.260(1) urged by Nicholl would render the constitutionality of the statute doubtful. *See Fisher Bros. Corp. v. Des Moines Sewer Dist.,* 97 Wn.2d 227, 230, 643 P.2d 436 (1982). We prefer to interpret the statute in a manner that upholds its constitutionality. *State v. Reyes,* 104 Wn.2d 35, 41, 700 P.2d 1155 (1985); *Woodson v. State,* 95 Wn.2d 257, 261, 623 P.2d 683 (1980).

Lastly, the Washington Legislature enacted the Uniform Child Custody Jurisdiction Act, RCW 26.27.010 *et seq.,* in 1979. RCW 26.27.030 of that act confers jurisdiction on this state's courts to modify the child custody determination of another state's courts under certain circumstances. The conditions for exerting this jurisdiction are fairly broad.

■ If Nicholl's argument is accepted, then it could logically follow that a court having jurisdiction to modify a custody decree rendered in another state would not have jurisdiction to modify its own custody decree because no change in circumstances was presented. This result would be absurd and such construction of RCW 26.09.260(1) should be avoided. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 754, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985).

Nicholl's contention confuses the concept of "jurisdiction" with the existence of statutory prerequisites for an order of custody modification. We hold that the provisions of RCW 26.09.260(1) are not jurisdictional, but simply represent criteria established by the Legislature that must be met before custody modification is permissible. Accord-

ingly, Nicholl's stipulation was binding and the court did not err in failing to independently evaluate whether changed circumstances existed.

## SUBSTANTIAL EVIDENCE

Nicholl next argues that the record does not support the trial court's conclusion that awarding custody to Naval was in the best interests of the children. Trial courts are vested with great discretion in determining the custody of minor children. Such exercise of discretion will not be disturbed on appeal absent an abuse. *Munoz v. Munoz,* 79 Wn.2d 810, 813–14, 489 P.2d 1133 (1971). If the trial court's award of custody is supported by substantial evidence, no abuse of discretion exists. *In re Marriage of Croley,* 91 Wn.2d 288, 292, 588 P.2d 738 (1978). A review of the record reveals substantial evidence to support the trial court's award and we will not disturb the judgment.

## ATTORNEY'S FEES

Naval has requested an award of attorney's fees on appeal. RCW 26.09.140 provides in part that:

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.

In determining whether attorney's fees should be awarded, the needs of the requesting party must be balanced with the other party's ability to pay. *In re Marriage of Campbell,* 37 Wn. App. 840, 846, 683 P.2d 604 (1984); *In re Marriage of Young,* 18 Wn. App. 462, 466, 569 P.2d 70 (1977). Naval has supplied this court with an affidavit in support of her contention that she should be awarded attorney's fees and costs on appeal. It appears that such an award is warranted. Accordingly, we award Naval costs and $4,000 in attorney's fees.

The trial court's custody order is hereby affirmed.

WEBSTER, J., concurs.

WILLIAMS, J. (concurring specially)—The narrow issue in this case is whether the court had jurisdiction to enter a custody modification order. RCW 26.12.010 and .090 confer full jurisdiction for that purpose. RCW 26.09.260(1) can neither create nor oust jurisdiction. It is simply an expression of the well established rule that there must be a change of circumstance before there can be a change of custody.

The opinion to be published has no precedential value. *See* RCW 2.06.040.