*378 OPINION
KILMER, J.
Summary of Proceedings
This matter is once again before the Tulalip Tribal Court of Appeals, this time pursuant to a Notice of Appeal filed January 27, 2016—arguing that the Tribal Court again made a mistake in procedure that affected the outcome of the proceedings. (This matter first came before this Court as In re the Parentage of A.M., TUL-CV-AP-2009-0299. We will repeat verbatim from that opinion the history of proceedings that leads us up to this current status of this case, and the relevant statutes.)
This is a child custody case between parents that began in 2009. On October 15, 2010, the Tribal Court entered an order establishing a parenting plan. That order was modified June 17, 2013. None of those orders were appealed.
On March 24, 2014, the father filed a motion/petition to once again modify the parenting plan. He declared that there had been a substantial change to the child’s living arrangements since the June 2013 modification order. He also sought to relocate his child to Arizona, where he resides. On March 31 the mother responded by proposing her own modified parenting plan. On May 6 the father filed more factual allegations in a declaration to support his March 24 motion. The Tribal Court conducted a hearing May 27, 2014, during which the father requested a ruling on his motion. Later, on June 4, 2014, it entered a final order regarding the parenting plan.
The father appealed that June 4 order— arguing that the Tribal Court had made a mistake in the procedure it took to deny his motion to modify. This Court agreed, concluding that the Tribal Court had failed to make any finding of facts that were required by statute, and remanded for the Tribal Court to conduct a hearing to make the statutorily-required findings of fact and conclusions of law.
The Tribal Court did so, conducting an extensive hearing on December 4, 2015. And on January 19, 2016 it issued a Parenting Plan—Final Order; Order on Motion for Modification of Parenting Plan and Relocation of Child to Arizona (which denied the father’s motion to modify the previous parenting plan entered 2013 to his liking, and his motion to relocate the child to Arizona); and Findings of Fact and Conclusions of Law. The father has appealed again, arguing that the Tribal Court made mistakes in interpreting the law and in procedure that affected the outcome of the case by essentially abusing its discretion in making its findings in support of the orders issued. (His Notice of Appeal mentions only the Order on Motion for Modification of Parenting Plan and Relocation of Child to Arizona as the order being appealed.) This case essentially boils down to the father disagreeing with the Tribal Court’s findings and refusal to modify the parenting plan to his full satisfaction or to relocate the child to Arizona.
At oral argument conducted June 22, 2016, only the father appeared, by telephone. Neither the mother nor her spokesperson appeared. Therefore, this Court is deciding the issues raised on appeal by reviewing the record, the written briefs filed with the Court, and the father’s brief oral argument. Section 1.11.10 of the Tulalip Tribal Code (TTC) requires that appealed cases be decided on the basis of the trial court record and any written or oral arguments presented by the parties.
Standard of Review
TTC 2.20.090 provides the standard this Court of Appeals is to use when reviewing a decision of the Tribal Court:
*379 (1) A finding of fact by a Judge shall be sustained unless clearly erroneous;
(2) A factual inference drawn by a Judge or jury shall be reviewed as a finding of fact if more than one reasonable inference can be drawn from the fact;
(3) Any finding by the Judge, whether explicit or implicit, of witness credibility shall be reviewed as a finding of fact;
(4) A conclusion of law shall be reviewed de novo, or without deference to the Tribal Court’s determination;
(5) Construction of an unambiguous contract term is reviewed as a conclusion of law;
(6) A matter which is a mixture of law and fact is reviewed by the standard applicable to each element;
(7) A sentence and the imposition of fine, forfeiture, or other penalty, excluding the assessment of damages, shall be reviewed as a discretionary determination of the Tribal Court;
(8) A matter which is within the discretion of the Tribal Court shall be sustained if it is reflected in the record that the Tribal Court exercised its discretionary authority, applied the appropriate legal standard to the facts, and did not abuse its discretion. A matter committed to the discretion of the Tribal Court shall not be subject to the substituted judgment of the Court of Appeals.
Discussion
The one and only issue before this Court of Appeals is whether the Tribal Court made a mistake when it denied the father’s motion to modify the parenting plan and to relocate the child to Arizona. That is the sole grounds for appeal pursuant to TTC 2.20.020(1). It is also worth noting at the outset that a “finding of fact by a Judge shall be sustained unless clearly erroneous.” TTC 2.20.090. That is the governing standard. This Court has also applied an “abuse of discretion” test, as will be discussed below.
(The father also raised some ancillary issues at p. 7 of his Opening Brief—such as appearance of partiality by the Court, conflict of interest, credibility of witnesses and GAL Report, lack of continuity (many judges heard phases of this case)/failure to take a clear position on substantial issues, and the Tribal Court allegedly showing disregard for this Court of Appeals’ previous opinion. We do not find that any of these other issues provide sufficient grounds for appeal as required by TTC 2.20.090. He also requests, in the Conclusion portion of his opening brief, that the Court of Appeals have Judge Ford recused from all future proceedings. We decline to do so. There is a procedure for requesting such action provided in TTC 2.05.060.)
The Tulalip Tribes Domestic Relations Code, Chapter 4.20, governs these proceedings. It lists relevant factors the Tribal Court is to consider when awarding child custody (TTC 4.20.340), or when it is considering modifying a child custody order (TTC 4.20.420), or deciding a proposal to relocate a child subject to the Court’s jurisdiction (TTC 4.20.430).
It also requires, at Section 4.20.400(1), that the “Court without a jury shall determine questions of law and fact.” The Tribes’ Domestic Relations Code is clear that findings of fact are mandatory.
“Upon the filing of a petition for modification, a hearing shall be held to determine if the facts alleged meet the legal standard as set forth in this subsection.” TTC 4.20.420(5)
It is the role of the fact finder to make determinations regarding the credibility of the witness that testifies before him and to weigh the reasonable yet competing inferences which can be drawn from *380 that testimony. It is the role of this [Appeals] Court to support these factual findings unless there has been an abuse of discretion.
Davis v. Tulalip Tribes, — Am. Tribal Law—,—, 1997 WL 34706751, at *3, 5 NICS App. 11, 14 (Tulalip Tribal Ct.App. 1997).
Unlike when this matter was first before this Court of Appeals, this time the Tribal Court complied with statutory requirements that it consider certain specified factors and to make explicit findings of fact and conclusions of law. It seems, however, that although the father argues the Tribal Court abused its discretion in making most of those findings, he is simply disagreeing with the Court’s findings.
This Court ruled, in Davis v. Tulalip Tribes, — Am. Tribal Law—,— —, 1997 WL 34706751, at *2-3, 5 NICS App. 11, 14 (Tulalip Tribal Ct.App.1997):
When reviewing the findings of fact of the lower court, this Court must find some abuse of discretion on the part of the judge before we may disturb the lower court order. An abuse of discretion does not exist if the findings of the judge are supported by substantial evidence. Hoopa Valley Indian Housing Authority v. Gerstner, 3 NICS App. 250, 263 (Hoopa 1993). Substantial evidence is “evidence which would convince an unprejudiced, thinking mind of the truth of a declared premise.” Lower Elwha v. Elofson, 4 NICS App. 99 (Lower Elwha 1996), citing Freeburg v. Seattle, 71 Wash.App. 367, 859 P.2d 610 (1993).
This factual review is deferential. It requires us to view the evidence and the reasonable inferences drawn therefrom in “the light most favorable to the party who prevailed in the highest forum that exercised fact finding authority.” Elofson, 4 NICS App. 99, 103 (Lower Elwha 1996) (citing Freeburg, 71 Wash.App. at 371, 859 P.2d 610).
It is the role of the fact finder to make determinations regarding the credibility of the witness that testifies before him and to weigh the reasonable yet competing inferences which can be drawn from that testimony. It is the role of this Court to support these factual findings unless there has been an abuse of discretion.
A manifest abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court. Salem v. United States Lines Co., 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962), reh. denied, 370 U.S. 965, 82 S.Ct. 1578, 8 L.Ed.2d 834 (1962); Delno v. Market Street Railway Co., 124 F.2d 965 (9th Cir.1942).
“Abuse of discretion” is synonymous with a failure to exercise a sound, reasonable, and legal discretion. Black’s Law Dictionary, 10 (7th ed. 1999).
The abuse of discretion standard, as opposed to the de novo standard, affords appropriate deference to the fact finder, recognizing that she has examined the witnesses first hand and is therefore better equipped to make determinations relative to credibility. Consequently, there may be substantial evidence to support findings for either side of a contested issue yet we should refrain from disturbing the trial court’s findings even if, in the balance, we disagree with them. This is why substantial evidence is often defined as “evidence which a reasoning mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.”
Fern v. Torres, 6 NICS App. 200, 202 (Chehalis Tribal Ct.App.2001)
*381 The Tribal Court is in the best position to hear the parties’ testimony, observe the demeanor of the witnesses, determine witness credibility, and make its decision based on the evidence before it Absent a clear abuse of discretion, this Appellate Court will not substitute its judgment for that of the trial court.
Upon remand, the Tribal Court appointed a new Guardian ad Litem (GAL) to assist the Court in helping to determine what was in the child’s best interest. “The Court may seek the advice of professional personnel or persons knowledgeable in the welfare of Indian children whether or not they are employed on a regular basis by the Court. The advice given shall be in writing and shall be made available by the Court to counsel upon request. Counsel may call for cross-examination of any persons consulted by the Court.” TTC 4.20.400(2).
Although given an opportunity to call witnesses of his own, the father declined to do so, and relied solely on his own testimony in support of his motions. Finding of Fact No. 17. The mother testified herself and called five other witnesses.
TTC 4.20.420(1) provides that “the Court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the Court at the time of the prior decree or plan, that a change has occurred in the circumstances of the child or his or her custodian and that the modification is necessary to serve the best interests of the child.”
“A parent with whom the child does not reside a majority of the time and whose residential time with the child is subject to limitations pursuant to subsection (1) of this section may not seek expansion of residential time under TTC 4.20.420 unless that parent demonstrates a substantial change in circumstances specifically related to the basis for the limitation.” TTC 4.20.350(2).
Tulalip law here shares the same spirit as neighboring jurisdictions in having a presumption that the Court shall not modify a custody arrangement absent specific findings of a substantial change of circumstances, and that the party seeking the change has the burden of proof.
Changes of custody are viewed as highly disruptive to the child. Anderson v. Anderson, 14 Wash.App. 366, 541 P.2d 996 (1975). Therefore, there is a strong presumption that the initial custody arrangements should be maintained unless the moving party can show a substantial change in the circumstances of the child or the custodial parent such that it would be in the best interests of the child to require the modification. George v. Helliar, 62 Wash.App. 378 [814 P.2d 238] (1991); In Re Marriage of Roorda, 25 Wash.App. 849, 611 P.2d 794 (1980) The noncustodial parent has the burden of proving that the custodial environment is detrimental. Helliar, 62 Wash.App. at 383 [814 P.2d 238].
Wells v. Wells, 1 NICS App 166, 168 (Nisqually 1991).
Here, the Tribal Court, after hearing from all witnesses and reviewing the huge file—“including the transcripts of all prior hearings in order to make the most appropriate decision in AM’s best interests” (Order on Motion for Modification p. 2)— made findings of fact for all the relevant factors required by TTC 4.20.340 for determining custody in accordance with the best interests of the child. The Court determined, as Conclusion of Law No. 5, that there was “insufficient evidence presented to warrant a change in the primary residential parent and the relocation of AM to Arizona.” However, the Court did *382 find sufficient evidence to meet the requirement of TTC 4.20.420(l)(c) to warrant a new parenting plan to address some serious issues affecting the child.
We give considerable deference to the Tribal Court. There is substantial evidence in the file to support the Tribal Court’s conclusions/findings. It is our role to support those findings absent an abuse of discretion. “A finding of fact by a Judge shall be sustained unless clearly erroneous.” TTC 2.20.090. We cannot find any clear error or a manifest abuse of discretion.
Conclusion and Order
This Court concludes that the Tribal Court did not commit any mistake in interpreting the law and in procedure that affected the outcome of this case. It made the required findings of fact and conclusions of law required by statute. In doing so, there was no abuse of discretion. And while we review the Tribal Court’s conclusions of law de novo, we find that the Court’s conclusions are supported by its findings of fact.
It is hereby ordered that the January 19, 2016 orders of the Tribal Court are AFFIRMED and the case is REMANDED for further proceedings consistent with this Opinion.
So ordered.