[No. 10274-9-II.  Division Two.  March 16, 1988.]

THE STATE OF WASHINGTON, *Appellant,* v. DANA A. DOUGLAS, *Respondent.*

*Patrick D. Sutherland, Prosecuting Attorney,* and *Kenneth L. Nichols, Deputy,* for appellant.

*Paul L. Battan,* for respondent.

PETRICH, J.—The State appeals from a juvenile court order dismissing one of two counts of stolen property in the second degree for possessing a stolen credit card. The issue on appeal is whether a person who unlawfully possesses several stolen credit cards issued to the same person is guilty of a separate criminal act for each individual card. We hold that the statutory scheme clearly allows a one count per card rule and accordingly, we reverse.

When Dana Douglas, a juvenile, was arrested for an alleged fraudulent use of a credit card belonging to Robert Brunke, the police discovered five additional credit cards belonging to Brunke in Douglas's possession. Douglas was charged with one count of forgery and two counts of possession of stolen property in the second degree. Each possession count referred to a separate credit card found in Douglas's possession.

On Douglas's motion, the court dismissed one of the two counts of possession, concluding that possession of several credit cards issued to the same person and stolen at the same time does not give rise to multiple counts of possession of stolen property in the second degree under former RCW 9A.56.160(1)(c).

Former RCW 9A.56.160[1] defined possession of stolen property in the second degree as follows:

(1) A person is guilty of possessing stolen property in the second degree if:

(a) He possesses stolen property which exceeds two hundred fifty dollars in value but does not exceed one thousand five hundred dollars in value; or

(b) He possesses a stolen public record, writing or instrument kept, filed, or deposited according to law; or

(c) He possesses a stolen credit card; or

(d) He possesses a stolen motor vehicle of a value less than one thousand five hundred dollars; or

(e) He possesses a stolen firearm.

(2) Possessing stolen property in the second degree is a class C felony.

The statute makes no distinctions as to the time that the items were stolen or to whom they belonged. Under subsection (1)(a), RCW 9A.56.160 begins with a generic class of undistinguished property within a monetary valuation scheme consistent with the first and third degree possession statutes, RCW 9A.56.150 and .170. In subsections (1)(b) through (e), it shifts to a list of individual items that were specifically set apart for policy reasons. Credit cards were included within this group because of the great potential for theft associated with them. Significantly, subsection (1)(a) uses the term "stolen property." "Property" is defined by RCW 9A.04.110(21) as "anything of value, whether tangible or intangible, real or personal". Within the framework of RCW 9A.56.160(1)(a), "property" can include one or more items as long as the total value is between $250 and $1,500. Each of the items listed in (1)(b) through (e), however, is prefaced by the article "a" and written in the singular.

■■ Because the term "property" can include one or more items, the items in RCW 9A.56.160(1)(b)–(e) were specifically listed in the singular, preceded by the article

---

[1]The law was amended by Laws of 1987, ch. 140, § 4, to substitute an "access device" for a "credit card."

"a." The article "a" is defined by *Webster's New World Dictionary of the American Language* (1976) as follows:

> a . . . adj., indefinite article . . . 1. one; one sort of [we planted *a* tree] 2. each; any one [*a* gun is dangerous] *A* connotes a thing not previously noted or recognized, in contrast with *the,* which connotes a thing previously noted or recognized 3. . . . to each; in each; for each; per [once *a* day] . . .

If the language of a statute is clear, its plain meaning must be given effect without resort to statutory construction. *State v. Theilken,* 102 Wn.2d 271, 275, 684 P.2d 709 (1984). The plain language of the statute indicates that the possession of one stolen credit card, one stolen automobile, one stolen firearm or one stolen public record would warrant a charge of second degree possession. It follows that additional items would warrant additional charges. Any other interpretation would lead to absurd results that should be avoided. *In re Marriage of Naval,* 43 Wn. App. 839, 844, 719 P.2d 1349 (1986). The language of the statute is plain and unambiguous, thus, there is no room for construction since the meaning may be derived from the language of the statute itself. *Bavarian Properties, Ltd. v. Ross,* 104 Wn.2d 73, 77, 700 P.2d 1161 (1985). The rule of lenity does not apply to unambiguous statutes. *State v. O'Neal,* 23 Wn. App. 899, 902, 600 P.2d 570 (1979).

The State acted correctly in charging one count for each stolen credit card in defendant's possession.

Reversed.

REED, C.J., and WORSWICK, J., concur.