[No. 76425-5. En Banc.]

Argued October 25, 2005.    Decided December 15, 2005.

THE STATE OF WASHINGTON, *Petitioner*, v. SHELLY MARIE OSE, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney,* and *Andrew J. Metts III, Deputy,* for petitioner.

*David N. Gasch* (of *Gasch Law Office*), for respondent.

¶1 OWENS, J. — We are asked to identify the unit of prosecution for the crime of possessing "a stolen access device" in violation of RCW 9A.56.160(1)(c). In addition, we are asked whether respondent Shelly Ose's exceptional sentence violated the sixth amendment to the United States Constitution as interpreted in *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). We find that the legislature unambiguously established the unit of prosecution in RCW 9A.56.160(1)(c) as each stolen access device in a defendant's possession. Thus, we reverse

the Court of Appeals and hold that the trial court did not put Ms. Ose in double jeopardy by convicting her multiple times for possessing multiple access devices. However, because Ms. Ose's exceptional sentence violated *Blakely*, we vacate the sentence and remand for resentencing within the standard sentencing range.

## FACTS

¶2 On January 30, 2002, after a series of car prowlings and use of stolen credit cards, Ms. Ose pleaded guilty to 25 counts of possessing "a stolen access device"[1] in violation of RCW 9A.56.160(1)(c) and one count of first degree theft in violation of RCW 9A.56.030. The trial court imposed an exceptional sentence of 108 months—51 months above the maximum standard range sentence.

¶3 On June 24, 2004, while Ms. Ose's appeal was pending, the United States Supreme Court held that the Sixth Amendment requires any fact used to increase a defendant's sentence beyond the standard sentencing range (excluding prior convictions) be proved beyond a reasonable doubt to a jury or admitted by the defendant. *Blakely*, 542 U.S. at 301-05. On appeal, Ms. Ose cited *Blakely* as additional authority; however, Division Three of the Court of Appeals reversed Ms. Ose's convictions on double jeopardy grounds and did not reach the *Blakely* issue.

¶4 The State petitioned this court for review, which we granted on July 12, 2005. *State v. Ose*, noted at 154 Wn.2d 1020 (2005).

## ISSUES

¶5 (1) What is the unit of prosecution for possessing "a stolen access device" in violation of RCW 9A.56.160(1)(c)?

---

[1] An " '[a]ccess device' " is defined as "any card, plate, code, account number, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or anything else of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by paper instrument." RCW 9A.56.010(1).

144

¶6 (2) Does Ms. Ose's exceptional sentence violate the Sixth Amendment as interpreted in *Blakely*?

## ANALYSIS

¶7 *Standard of Review*. This court reviews de novo whether the lower court correctly identified the unit of prosecution in a statute. *State v. Graham*, 153 Wn.2d 400, 404, 103 P.3d 1238 (2005). We also review de novo whether the factors cited by the lower court justify an exceptional sentence. *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005).

¶8 *Unit of Prosecution*. The United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Washington State Constitution provides that "[n]o person shall be . . . twice put in jeopardy for the same offense." Wash. Const. art. I, § 9. These two clauses provide identical protection. *State v. Tvedt*, 153 Wn.2d 705, 710, 107 P.3d 728 (2005) (citing *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 171, 12 P.3d 603 (2000)). Both constitutions " 'protect a defendant from being convicted more than once under the same statute if the defendant commits only one unit of the crime.' " *Id.* (quoting *State v. Westling*, 145 Wn.2d 607, 610, 40 P.3d 669 (2002)).

¶9 While a unit of prosecution issue "is one of constitutional magnitude on double jeopardy grounds, the issue ultimately revolves around a question of statutory interpretation and legislative intent." *State v. Adel*, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998). In determining legislative intent, this court first looks to the statute's plain meaning. *Tvedt*, 153 Wn.2d at 710. If the statute is ambiguous as to the unit of prosecution, we apply the "rule of lenity," under which any ambiguity must be " 'resolved against turning a single transaction into multiple offenses.' " *Id.* at 710-11 (quoting *Adel*, 136 Wn.2d at 635).

¶10 Here, Ms. Ose pleaded guilty to 25 violations of subsection (c) of the following statute:

A person is guilty of possessing stolen property in the second degree if:

(a) He or she possesses stolen property other than a firearm as defined in RCW 9.41.010 which exceeds two hundred fifty dollars in value but does not exceed one thousand five hundred dollars in value; or

(b) He or she possesses a stolen public record, writing or instrument kept, filed, or deposited according to law; or

(c) He or she possesses a stolen access device; or

(d) He or she possesses a stolen motor vehicle of a value less than one thousand five hundred dollars.

RCW 9A.56.160(1). In interpreting the above statute, Division Three, relying on *State v. McReynolds*, 117 Wn. App. 309, 71 P.3d 663 (2003), reversed Ms. Ose's convictions and held that the trial court put Ms. Ose in double jeopardy because " 'possession of property owned by different persons is only a single crime,' " and therefore "Ms. Ose's possession was a single act constituting one offense." *State v. Ose*, noted at 123 Wn. App. 1057, 2004 Wash. App. LEXIS 2433, at *4 (quoting *McReynolds*, 117 Wn. App. at 336).

¶11 The State argues that Division Three's reliance on *McReynolds* was misplaced and that this court should adopt Division Two's reasoning in *State v. Douglas*, 50 Wn. App. 776, 751 P.2d 311 (1988). In *McReynolds*, the defendants were convicted of possessing stolen property but not specifically of possessing a stolen access device. The *McReynolds* court held that "*continuous* possession of *various property* during a period of 15 days . . . is a single possession. The separate convictions for the single possession violated the prohibition against double jeopardy." 117 Wn. App. at 340 (second emphasis added). In contrast, in *Douglas*, the defendant was charged with two counts of second degree possession of stolen property specifically for possessing stolen access devices. 50 Wn. App. at 777. In interpreting RCW 9A.56.160(1)(c), the *Douglas* court held that "[t]he plain language of the statute indicates that the possession of one stolen credit card . . . would warrant a charge of second degree possession. It follows that addi-

tional items would warrant additional charges. . . . The language of the statute is plain and unambiguous." *Id.* at 779 (citation omitted). Thus, the *Douglas* court concluded that the statute "clearly allows a one count per card rule." *Id.* at 777.

¶12 We agree with the *Douglas* court that the legislature unambiguously defined the unit of prosecution in RCW 9A.56.160(1)(c) as one count per access device by using the indefinite article "a" in the clause "a stolen access device." *Webster's* provides the following definition for "a":

> 1—used as a function word before most singular nouns other than proper and mass nouns when the individual in question is undetermined, unidentified, or unspecified . . . ; used with a plural noun only if *few*, *very few*, *good many*, or *great many* is interposed.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1 (2002). Thus, because the word "a" is used only to precede singular nouns except when a plural modifier is interposed, the legislature's use of the word "a" before "stolen access device" unambiguously gives RCW 9A.56.160(1)(c) the plain meaning that possession of each stolen access device is a separate violation of the statute.

¶13 Ms. Ose's attempt to read ambiguity into the statute is unpersuasive. Relying on an older dictionary, Ms. Ose defines "a" as "not any particular or certain one of a class or group: *a man*; *a chemical*; *a house*." Resp't's Suppl. Br. at 11 (citing WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY OF THE ENGLISH LANGUAGE (1996)). Applying this definition, Ms. Ose argues that "a stolen access device" should be read as "*any* stolen access device" and, from here, "one could logically argue that *any number* of stolen access devices would constitute only one unit of prosecution." *Id.* at 11-12.

¶14 Perhaps "one could logically argue" that "a" means "any number"; however, a statute is "not ambiguous merely because different interpretations are conceivable." *Id.*; *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). Moreover, the very definition that Ms. Ose cites undermines

her argument for application of the rule of lenity. While "a" may at times be synonymous with "any," the rest of the definition, i.e., "one of a class," indicates that "a" can mean "any one" but not "any number."

¶15 Moreover, this court has consistently interpreted the legislature's use of the word "a" in criminal statutes as authorizing punishment for each individual instance of criminal conduct, even if multiple instances of such conduct occurred simultaneously. For example, in *Westling*, we considered the second degree arson statute and the difference between the word "a" and the word "any." The statute at issue in *Westling* provided that "[a] person is guilty of arson in the second degree if he knowingly and maliciously causes *a fire or explosion* which damages a building, or *any . . . automobile*." RCW 9A.48.030(1) (emphasis added). The *Westling* court held that because the legislature used the words "a fire," the unit of prosecution for the arson statute was per fire caused by the defendant. 145 Wn.2d at 611-12. In contrast, the court found the language "any . . . automobile" indicated that only "one conviction is appropriate where one fire damages multiple automobiles." *Id.*

¶16 Similarly, in *State v. Root*, 141 Wn.2d 701, 9 P.3d 214 (2000), we considered how the legislature's use of the words "a minor" in the sexual exploitation of a minor statute, RCW 9.68A.040, impacted the unit of prosecution analysis. The *Root* court ultimately concluded that because "[t]he statute specifically states 'a minor,' [the defendant] may be charged per child involved." *Id.* at 710-11.

¶17 Likewise, in *State v. DeSantiago*, 149 Wn.2d 402, 68 P.3d 1065 (2003), we interpreted RCW 9.94A.533(3) and (4), which allows sentence enhancement if a defendant or an accomplice was armed with " 'a' firearm" or " 'a' deadly weapon." *Id.* at 418. We concluded that the statute allows a defendant to "be punished for 'each' weapon involved." *Id.* at 419.

¶18 Most recently, in *Graham*, we considered the unit of prosecution for the reckless endangerment statute, which

provides that "[a] person is guilty of reckless endangerment when he or she recklessly engages in conduct not amounting to drive-by shooting but that creates a substantial risk of death or serious physical injury to *another person*." RCW 9A.36.050(1) (emphasis added). The *Graham* court interpreted "another" as a "compound of 'an + other,' and the indefinite article 'an' means 'a,' the letter *n* being an addition before a following vowel sound." 153 Wn.2d at 406 n.2 (citing Webster's Third New International Dictionary at 89, 75). Accordingly, we held that "[i]n light of the plain language of RCW 9A.36.050(1), as well as the nature of reckless endangerment as a crime against the person, . . . the unit of prosecution for the crime of reckless endangerment is each person endangered." *Id.* at 407-08.

¶19 When this court engages in statutory construction, we presume that the legislature is aware of our prior interpretations of its enactments. *Tili*, 139 Wn.2d at 116 (citing *Friends of Snoqualmie Valley v. King County Boundary Review Bd.*, 118 Wn.2d 488, 496, 825 P.2d 300 (1992)). Thus, consistent with our prior construction of similarly worded statutes, we now hold that the legislature, by use of the language "a stolen access device," unambiguously defined the unit of prosecution in RCW 9A.56.160(1)(c) as each access device in a defendant's possession. Accordingly, we hold that Ms. Ose's multiple convictions for possessing multiple stolen access devices did not violate the double jeopardy prohibition.

¶20 *Exceptional Sentence.* In 2004, while Ms. Ose's appeal was pending, the United States Supreme Court ruled that the Sixth Amendment requires any fact used to increase a defendant's sentence beyond the standard sentencing range (excluding prior convictions) to be proved beyond a reasonable doubt to a jury or admitted by the defendant. *Blakely*, 542 U.S. at 301-05. However, not every aggravating factor need be valid in order for this court to uphold an exceptional sentence. *State v. Hughes*, 154 Wn.2d 118, 134, 110 P.3d 192 (2005) (citing *State v. Jackson*, 150 Wn.2d 251, 276, 76 P.3d 217 (2003)).

¶21 In the present case, none of the factors that the trial court relied on to justify Ms. Ose's exceptional sentence withstand scrutiny under *Blakely*. The trial court imposed the exceptional sentence because Ms. Ose's sentence would otherwise be "clearly too lenient" in that (1) "the crimes committed required a high degree of planning and sophistication," (2) "the crimes impacted a large number of victims," (3) the crimes resulted in "major economic harm," and (4) Ms. Ose would be given " 'free crimes' " because her "standard range would not change once she got to an offender score of nine." Verbatim Report of Proceedings at 51; Clerk's Papers at 55-56. The first three of these factors unquestionably require factual determinations, which should be left to the jury under *Blakely*. In addition, in *Hughes*, we rejected the argument that the "free crimes" factor fits within the "prior convictions" exception to the *Blakely* rule. 154 Wn.2d at 138-40. Thus, here, because none of the aggravating factors relied upon by the sentencing court were proved to a jury or admitted by Ms. Ose, we vacate Ms. Ose's sentence and remand for resentencing within the standard range.

## CONCLUSION

¶22 We reverse the Court of Appeals and hold that the legislature unambiguously defined the unit of prosecution for violations of RCW 9A.56.160(1)(c) as possession of each access device. Therefore, Ms. Ose's multiple convictions for possession of multiple access devices did not violate the double jeopardy prohibition.

¶23 However, we vacate Ms. Ose's sentence and remand for resentencing within the standard sentencing range. The sentencing court's imposition of an exceptional sentence violated *Blakely* because the facts used in justifying the exceptional sentence were neither proved to a jury nor admitted by Ms. Ose.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ., concur.