154 P.3d 304 (2007)
STATE of Washington, Respondent,
v.
Michael Burke FLEMING, Appellant.
No. 24478-4-III.
Court of Appeals of Washington, Division 3.
March 22, 2007.
*305 Janet G. Gemberling, Gemberling & Dooris PS, Spokane, WA, for Appellant.
Kevin Michael Korsmo, Attorney at Law, Spokane, WA, for Respondent.
KATO, J.[*]
¶ 1 Michael B. Fleming appeals his voyeurism conviction. He contends the evidence was insufficient to support the jury's verdict. We affirm.
¶ 2 On the night of April 5, 2005, Mr. Fleming and his ex-girlfriend, Tammy, went out drinking. They ended up at Cyrus O'Leary's Restaurant in downtown Spokane, Washington. Because Mr. Fleming appeared intoxicated, the bartender refused to serve him. The couple was, however, allowed to order some appetizers.
¶ 3 After they had eaten, Tammy stood up and headed to the restroom. Mr. Fleming left a few minutes later. The bartender saw him outside the ladies' restroom, either using or pretending to use the pay telephone. Suspicious that the two may skip out on their tab, the bartender went to get her manager.
¶ 4 Rose Marie Hone and her husband were also at Cyrus O'Leary's that night, celebrating their anniversary. About to leave, she went to use the restroom. While using the toilet, she noticed someone had entered the stall to her left. Strangely, the shoes, looking like a man's, faced the toilet. Then the shoes disappeared. The next thing she knew, she heard a sound above her. Ms. Hone saw Mr. Fleming looking over the stall at her. He stared and stuck his tongue out at Ms. Hone. She yelled at him to leave her alone and pulled up her pants. She told Mr. Fleming she had a cell phone and was going to call 911. Ms. Hone kept yelling for help and ran out of the stall. Mr. Fleming also ran out of the restroom just ahead of Ms. Hone. He tried to leave the restaurant, but employees kept him there until police arrived.
¶ 5 Mr. Fleming was charged with one count of voyeurism under RCW 9A.44.115. Based on that statute, the court gave this instruction:
A person commits the crime of voyeurism when he or she, for the purpose of arousing or gratifying the sexual desire of any person, knowingly views, photographs, or films another person without that person's knowledge and consent, while the person is being viewed, photographed, or filmed is in a place where he or she would have a reasonable expectation of privacy.
Clerk's Papers at 22. The jury convicted Mr. Fleming as charged. This appeal follows.
¶ 6 Mr. Fleming contends the evidence was insufficient to support his conviction. In a sufficiency of the evidence challenge, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). The elements of the crime may be established by either direct or circumstantial evidence; one type is no more valuable than the other. State v. Thompson, 88 Wash.2d 13, 16, 558 P.2d 202, appeal dismissed, 434 *306 U.S. 898, 98 S.Ct. 290, 54 L.Ed.2d 185 (1977). Specific criminal intent "may be inferred from the conduct where it is plainly indicated as a matter of logical probability." State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980).
¶ 7 RCW 9A.44.115(1)(e) required the State to prove that Mr. Fleming intentionally viewed Ms. Hone "for more than a brief period of time, in other than a casual or cursory manner." The language of the statute is plain and unambiguous. There is no need to resort to rules of statutory construction since the meaning may be derived from the language of the statute itself. State v. Douglas, 50 Wash.App. 776, 779, 751 P.2d 311 (1988).
¶ 8 Ms. Hone testified that, while she was using the restroom, Mr. Fleming entered the stall next to her. She noticed his shoes facing the toilet and then saw the shoes were gone. She looked up and saw Mr. Fleming looking directly down at her. He stuck his tongue out at Ms. Hone. She started yelling and told him she had a cell phone to call 911. Ms. Hone got up, grabbed her purse, and got out of the bathroom stall. The encounter did not last long only because Ms. Hone spotted Mr. Fleming quickly. In these circumstances, the jury could reasonably infer that Mr. Fleming intentionally viewed Ms. Hone "in other than a casual or cursory manner." RCW 9A.44.115(1)(e). And the jury could find as well that he viewed her for "more than a brief period of time." Ms. Hone had enough time to see Mr. Fleming looking at her, to yell at him, to tell him she had a cell phone, and to run out of the stall. He in turn had enough time to stare and stick his tongue out at her. The evidence was indeed sufficient to support the conviction.
¶ 9 Affirmed.
I CONCUR: KULIK, J.
SCHULTHEIS, A.C.J. (dissenting).
¶ 10 On this record, I find insufficient evidence to support a violation of the voyeurism statute and would reverse.
¶ 11 When interpreting a statute, the court looks to its plain meaning. State v. Cromwell, 157 Wash.2d 529, 534, 140 P.3d 593 (2006). For nontechnical and undefined terms, we can rely on dictionary definitions to determine their meaning. McClarty v. Totem Elec., 157 Wash.2d 214, 225, 137 P.3d 844 (2006). "If a statute is ambiguous, the rule of lenity requires us to interpret the statute in favor of the defendant absent legislative intent to the contrary." State v. Jacobs, 154 Wash.2d 596, 601, 115 P.3d 281 (2005).
¶ 12 "Brief" is defined as either (a) not enduring long: markedly limited in duration or (b) of limited extent. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 277 (1993). The phrase "more than a brief period of time" is ambiguous. As it is susceptible to more than one meaning, the phrase must be strictly construed against the State and in favor of Mr. Fleming. See State v. Gore, 101 Wash.2d 481, 485-86, 681 P.2d 227 (1984).
¶ 13 Here, the State's evidence showed that Rose Marie Hone, using the toilet, looked up and saw Mr. Fleming starring down at her, whereupon she immediately pulled up her pants, yelled, and ran out of the ladies' restroom. Even viewing the evidence in a light most favorable to the State, all that can be said as to the incident's duration was, as Ms. Hone put it, "so fast." Report of Proceedings (June 21, 2005) at 7, 8. Construing the statute's language in favor of Mr. Fleming, the rule of lenity requires us to interpret the phrase "more than a brief period of time" as contemplating more than the brief encounter established by the State here. Accordingly, I would reverse the conviction and dismiss the charge against Mr. Fleming.
NOTES
[*] Judge Kenneth H. Kato was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.