**FILED**
**MAY 12, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| STATE OF WASHINGTON, | ) | No. 36497-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HARRY WILLIAM LAMMON, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Harry William Lammon Jr. appeals his three convictions for

violations of a no-contact order based on three calls to the protected party, his former

wife. We affirm.

BACKGROUND

In 2012, Mr. Lammon pleaded guilty to domestic violence harassment after he

threatened to kill his former wife and "bury her under a cactus in Yakima." Clerk's Papers

at 73. The trial court entered a no-contact order (NCO) prohibiting Mr. Lammon from

contacting his former wife. He violated that NCO twice on September 2, 2017, and

subsequently pleaded guilty to two misdemeanor NCO violations. Mr. Lammon violated

the NCO again one year later by calling his former wife three times on September 3, 2018,

between 6:36 p.m. and 6:46 p.m. The State charged Mr. Lammon with three counts of a NCO violation.

At trial on the 2018 incidents, Mr. Lammon's counsel moved "to consolidate the counts" against Mr. Lammon, "arguing [his three phone calls to his former wife were] a continuing course of conduct." Report of Proceedings (Oct. 29, 2018) at 3. Counsel contended the three convictions would implicate Mr. Lammon's rights against double jeopardy.[1] The court denied the motion. Mr. Lammon waived his right to a jury trial and the court found him guilty as charged based on stipulated facts.

At sentencing, the parties agreed Mr. Lammon's 2017 NCO violations constituted the same criminal conduct for purposes of calculating the offender score, but they disagreed as to whether the convictions qualified as separate predicate convictions for purposes of elevating the current offenses to class C felonies. *See* RCW 26.50.110(5) (NCO violation is elevated from a gross misdemeanor to a class C felony if the defendant has at least two prior convictions for NCO violations). After careful consideration, the trial court concluded the 2017 offenses were separate convictions. As a result, Mr. Lammon was convicted of three class C felonies.

Mr. Lammon appeals.

---

[1] U.S. CONST. amend V; WASH. CONST. art. I, § 9.

ANALYSIS

Mr. Lammon claims his three current NCO convictions violate double jeopardy. Our review is de novo. *State v. Womac,* 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

Mr. Lammon's double jeopardy argument turns on statutory interpretation. The specific question is what unit of prosecution is contemplated by the NCO violation statute. *See State v. Ose*, 156 Wn.2d 140, 144, 124 P.3d 635 (2005). "Double jeopardy protects a defendant from multiple convictions for committing just one unit of the crime." *State v. Brown*, 159 Wn. App. 1, 9, 248 P.3d 518 (2010).

The NCO statute criminalizes "a violation" of a restraining order. RCW 26.50.110(1)(a). This terminology unambiguously signals legislative intent to punish "each individual *instance* of criminal conduct." *Ose*, 156 Wn.2d at 147 (emphasis added). Multiple instances of criminal conduct can occur on the same day, in the same hour, or within the same minute. Timing is not controlling. Instead, the issue is severability. By the plain terms of the statute, so long as one instance of a NCO violation is separate from another, the unit of prosecution is met and double jeopardy does not prohibit multiple punishments.

Here, Mr. Lammon placed three phone calls to his former wife. Although the calls occurred in rapid succession, they were three separate acts. As such, each of the calls was

3

properly governed by a separate unit of prosecution. There was no double jeopardy violation.

Because we disagree with Mr. Lammon's double jeopardy analysis, his remaining claims (regarding the separate nature of his 2017 convictions and ineffective assistance of counsel) necessarily fail.

CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

4